# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **REIN TECH, INC.,**<br><br>       Plaintiff,<br><br>  v.<br><br>**MUELLER SYSTEMS, LLC,**<br><br>       Defendant. | C.A. No. 1:18-cv-01683-MN<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF REIN TECH, INC.'S OPENING BRIEF SUPPORTING ITS MOTION TO STAY ACTION PENDING *EX PARTE* REEXAMINATIONS

Dated: November 4, 2019


Peter J. Corcoran, III
Texas Bar No. 24080038
*Pro Hac Vice*
CORCORAN IP LAW, PLLC
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

DEVLIN LAW FIRM LLC
Timothy Devlin (No. 4241)
1526 Gilpin Avenue
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

*Counsel for Plaintiff*
*REIN TECH, INC.*

# TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS.................................................................1

II.   SUMMARY OF ARGUMENT .............................................................................................1

III.  STATEMENT OF FACTS ....................................................................................................2

IV.   LEGAL STANDARDS .........................................................................................................3

V.    ARGUMENT .........................................................................................................................4

      A.    SIMPLIFICATION OF ISSUES FOR TRIAL................................................................4

      B.    STATUS OF LITIGATION.......................................................................................6

      C.    PREJUDICE .........................................................................................................10

            (1)   Timing of the request for reexamination and the request for stay ...............11
            (2)   Status of reexamination proceedings...........................................................12
            (3)   Relationship of the Parties ...........................................................................13

VI.   CONCLUSION .....................................................................................................................13

## TABLE OF AUTHORITES

<u>CASES</u>

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.*,
   C.A. No. 06–514 GMS, 2007 WL 2892707 (D. Del. Sept. 30, 2007) ..................................3

*Belden Techs. Inc. v. Superior Essex Commc'ns LP,*
   Civ. No. 08–63–SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) .......................... 6, 10, 12

*Boston Scientific Corp. v. Cordis Corp.,*
   777 F.Supp.2d 783 (D. Del. 2011) ............................................................................. 10, 12

*Cooper Notification, Inc. v. Twitter, Inc.*,
   Civ. No. 09–865–LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) .............................9, 12

*Cost Bros., Inc. v. Travelers Indem. Co.*,
   760 F.2d 58 (3d Cir. 1985) ...........................................................................................2

*Enhanced Sec. Research, LLC v. Cisco Sys., Inc.,*
   C.A. No. 09–571–JJF, 2010 WL 2573925 (D. Del. June 25, 2010) ..................................11

*Ethicon, Inc. v. Quigg,*
   849 F.2d 1422 (Fed. Cir. 1988).....................................................................................3

*Ever Win Int'l Corp. v. Radioshack Corp.*,
   902 F. Supp. 2d 503 (D. Del. 2012) ........................................................................passim

*Gioello Enters. Ltd. v. Mattel, Inc.*,
   No. C.A. 99–375 GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001)..............................4, 5, 6

*Gould v. Control Laser Corp.*,
   705 F.2d 1340 (Fed. Cir. 1983).....................................................................................4

*Life Techs. Corp. v. Illumina, Inc.*,
   Civil Action No. 09–706–RK, 2010 WL 2348737 (D. Del. June 7, 2010) .........................9

*Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.,*
   Civ. No. 11–176–LPS, 2011 WL 5523315 (D. Del. Nov. 14, 2011)..................................5

*Nat'l Prods., Inc. v. Gamber–Johnson LLC,*
   No. 2:12–cv–00840, 2012 WL 3527938 (W.D. Wash. Aug.14, 2012).............................12

*Oracle Corp. v. Parallel Networks, LLP,*
   Civ. No. 06–414–SLR, 2010 WL 3613851 (D. Del. Sept. 8, 2010) ..............................6, 10

-2-

*Pegasus Dev. Corp. v. DirecTV Inc.*,
    No. Civ. A. 00–1020–GMS, 2003 WL 21105073 (D. Del. May 14, 2003) ..........................4

*Round Rock Research LLC v. Dole Food Co.*,
    Civil Action Nos. 11–1239–RGA, 11–1241–RGA, 11–1242–RGA,
    2012 WL 1185022 (D. Del. Apr. 6, 2012)...............................................................3, 5, 10

*SenoRx, Inc. v. Hologic, Inc.*,
    No. CIV.A. 12-173-LPS, 2013 WL 144255 (D. Del. Jan. 11, 2013)..........................passim

*Softview LLC v. Apple Inc.*,
    Civ. No. 10–389–LPS, 2012 WL 3061027 (D. Del. July 26, 2012) .....................................9

*St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*,
    No. Civ. A. 01–557JJF, 2003 WL 25283239 (D. Del. Jan. 30, 2003) ...............................10

*Vehicle IP, LLC v. Wal–Mart Stores, Inc.*,
    Civ. No. 10–503–SLR, 2010 WL 4823393 (D. Del. Nov. 22, 2010) ................... 3, 5, 10, 12

*Wall Corp. v. BondDesk Grp., LLC,*
    C.A. No. 07–844 GMS, 2009 WL 528564 (D. Del. Feb.24, 2009) ....................................11

I.    NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case.  Plaintiff Rein Tech, Inc. ("Rein Tech") filed its

complaint for patent infringement (D.I. 1) on October 26, 2018, against Defendant Mueller

Systems, LLC ("Mueller") for direct and induced infringement of U.S. Patent Nos. 8,347,427

("the '427 Patent"), 9,297,150 ("the '150 Patent), and 9,749,792 ("the '792 Patent")

(collectively, "the Patents-in-Suit").  This Court entered its Scheduling Order (D.I. 24) on June 3,

2019.  As of the filing of this motion, per the Scheduling Order, the parties have exchanged

initial disclosures, obtained a Protective Order (D.I. 32), Rein Tech has served its initial claim

charts, Mueller has served its initial invalidity contentions, the parties have exchanged a list of

disputed claim terms and proposed constructions, and they have filed their joint claim

construction chart (D.I. 42).  The parties have not exchanged interrogatories, requests for

production, requests for admission, or conducted any depositions.  The claim construction

hearing is set for March 24, 2020; fact discovery ends on August 7, 2020; expert discovery ends

on November 13, 2020; and trial is set for May 10, 2021—eighteen months away.

II.    SUMMARY OF ARGUMENT

A stay of this case pending the *ex parte* reexaminations of the Patents-in-Suit is justified

because: (1) it will simplify the invalidity issues for trial that are presented in this case and in the

reexaminations; (2) this case is in a relatively early stage of litigation, and the parties and this

Court have not yet expended significant resources on this case for discovery and the majority of

the remaining deadlines in this Court's Scheduling Order; and (3) Mueller will not suffer undue

prejudice, and Rein Tech would not gain an unfair tactical advantage, because (a) Rein Tech

requested reexamination of the Patents-in-Suit and a stay of this case relatively early in this

litigation, (b) the reexamination proceedings of the Patents-in-Suit are at an early stage, and

(c) the parties are not direct competitors.

## III.    STATEMENT OF FACTS

In its Complaint, Rein Tech asserted as infringed Claims 1–7, 13–16, and 18 of the '427

Patent; Claim 8 of the '150 Patent; and Claims 1–5, 23, and 30 of the '792 Patent.  Rein Tech

then asserted Claims 8, 12, 15, 17, 21, 23, and 26 of the '150 Patent only in its initial claim chart.

Rein Tech currently asserts Claims 8, 12, 15, and 17 of the '150 Patent as recited in the parties'

joint claim construction chart.

Rein Tech filed applications in the U.S. Patent and Trademark Office ("PTO") for

*ex parte* reexamination of the '150 Patent and the'427 Patent on August 2, 2019, and the '792

Patent on August 5, 2019.  *See* Declaration of Peter J. Corcoran III ("PC Decl.") Ex. 1 at 113–

366, Ex. 2 at 68–516, Ex. 3 at 50–587.  The PTO ordered *ex parte* reexaminations of the '150

Patent and the '427 Patent on September 10, 2019, and the '792 Patent on September 30, 2019.

PC Decl. Ex. 1 at 55–81, Ex. 2 at 1–33, Ex. 3 at 1–34.  The PTO agreed to reexamine Claims 8-

19 and 28 of the '150 Patent, Claims 1-10 and 12-20 of the '427 Patent, and Claims 1-34 of the

'792 Patent under 35 U.S.C. §§ 102 and 103.

Mueller filed petitions for *inter partes* review ("IPR") of the Patents-in-Suit with the

Patent Trial and Appeal Board ("PTAB") on October 29, 2019, after Rein Tech's counsel

informed Mueller's counsel that Rein Tech had filed applications for *ex parte* reexamination of

the Patents-in-Suit.  PC Decl. Exs. 4–6.  After filing the *ex parte* reexamination applications,

Rein Tech's counsel requested that the parties agree to a stay of this case pending the outcome of

the reexaminations.  Mueller's counsel refused Rein Tech's request.  Once the PTO granted *ex*

*parte* reexamination of the Patents-in-Suit, Rein Tech's counsel again requested that Mueller's

counsel agree to a stay of this case pending the outcome of the reexaminations.  While Rein Tech

patiently waited for Mueller's answer, Mueller filed its IPR petitions. Once learning of the IPR

petitions, Rein Tech's counsel again requested that the parties agree to a stay of this case pending

the outcome of now both the *ex parte* reexaminations and the IPR petitions. Mueller remains

opposed to a stay of this case despite having filed its IPR petitions.

## IV.    LEGAL STANDARDS

A court has discretionary authority to grant a motion to stay. *See SenoRx, Inc. v.*

*Hologic, Inc.*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at *2 (D. Del. Jan. 11, 2013); *Ever*

*Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 505 (D. Del. 2012); *Cost Bros., Inc. v.*

*Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *see also Ethicon, Inc. v. Quigg*, 849 F.2d

1422, 1426–27 (Fed. Cir. 1988) ( "Courts have inherent power to manage their dockets and stay

proceedings, . . . including the authority to order a stay pending conclusion of a PTO

reexamination.") (citations omitted)). This Court has typically considered three factors when

deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the

status of the litigation, particularly whether discovery is complete and a trial date has been set;

and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or

allow the movant to gain a clear tactical advantage. *See, e.g.*, *SenoRx*, No. CIV.A. 12-173-LPS,

2013 WL 144255, at *2; *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.,* Civil Action No.

12–054–GMS–MPT, 2012 WL 5599338, at *2 (D. Del. Nov. 15, 2012); *Ever Win Int'l Corp.*,

902 F. Supp. 2d at 505; *Round Rock Research LLC v. Dole Food Co.*, Civil Action Nos. 11–

1239–RGA, 11–1241–RGA, 11–1242–RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012);

*Vehicle IP, LLC v. Wal–Mart Stores, Inc.*, Civ. No. 10–503–SLR, 2010 WL 4823393, at *1

(D. Del. Nov. 22, 2010).

**V.    ARGUMENT**

**A.  Simplification of Issues for Trial**

"When a patent claim is reexamined by the PTO, there are three possible outcomes—it can be cancelled as unpatentable, it can be confirmed as originally written, or it can be modified." *Ever Win Int'l*, 902 F. Supp. 2d at 505.  "Whatever outcome occurs, there is the potential for the simplification of issues for trial, either by reducing the number of claims at issue, confirming the validity of the surviving claims, or narrowing the scope of a modified claim."  *Id.*; *see, e.g.*, *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, C.A. No. 06–514 GMS, 2007 WL 2892707, at *5 (D. Del. Sept. 30, 2007) ("'One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)'") (quoting *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)).  As such, this Court has identified numerous ways that reexamination can simplify proceedings:

> (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences, and (7) the cost will likely be reduced both for the parties and the court.

*SenoRx*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at *3; *Ever Win Int'l*, 902 F. Supp. 2d at 506; *Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99–375 GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001) (citations omitted); *see also Pegasus Dev. Corp. v. DirecTV Inc.*, No. Civ. A. 00–1020–GMS, 2003 WL 21105073, at *2 (D. Del. May 14, 2003).

The reexamination of the Patents-in-Suit "certainly has the potential to simplify the issues for trial." *Ever Win Int'l*, 902 F. Supp. 2d at 506; *see SenoRx*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at \*4.  The currently asserted claims of the '150 Patent are being reexamined, as are all previously asserted claims of the '427 and '792 Patents.  Moreover, Rein Tech has already submitted amendments for all twenty-eight claims of the '150 Patent; Claims 1, 2, 5–9, and 11–14 of the '427 Patent; and Claims 1–10, 12, 14, 15, 18, and 20–33 of the '792 Patent with new Claims 35 and 36 added to the '792 Patent.  PC Decl. Ex. 1 at 171–87, Ex. 2 at 489–506, Ex. 3 at 83–121.  This Court should await the outcome of these claim amendments because all of the disputed claim terms that are listed in the parties' joint claim construction chart (D.I. 42) have been amended, which likely will affect this Court's claim construction analysis of the disputed terms.  Furthermore, some of the reexamined claims may be cancelled as the reexaminations progress.  "Either way, it is a fair inference that the issues in this case are apt to be simplified and streamlined to some degree as a result of the reexamination proceedings." *Ever Win Int'l*, 902 F. Supp. 2d at 506.

Even if some of the prior art in the reexaminations are not found to invalidate the Patents-in-Suit, this Court will have the benefit of the PTO's expertise and views on the prior art, which can help focus and streamline this Court's review of issues surrounding that art later in this litigation. *Ever Win Int'l*, 902 F. Supp. 2d at 506–07; *Gioello,* 2001 WL 125340, at \*1.  In cases where a reexamination request covers all or nearly all of the claims asserted in litigation, this Court has found that there will likely be a "notable simplification of issues if a stay is granted." *SenoRx*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at \*4 (citing, *e.g.*, *Round Rock,* 2012 WL 1185022, at \*1; *Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.,* Civ. No. 11–176–LPS, 2011 WL 5523315, at \*2 (D. Del. Nov. 14, 2011); *Vehicle IP,* 2010 WL 4823393, at \*2.

Mueller may argue that, in addition to a dispute over infringement, among the issues that will not be addressed by the reexamination and IPR proceedings are certain other of its asserted defenses, including those alleging that the Patents-in-Suit are invalid under 35 U.S.C. §§ 101 and 112. As a result, although the PTO's review will have the overall effect of simplifying the matters at issue in this case, if some or all of the claims emerge from reexamination or IPR, a not insignificant portion of the case will remain unilluminated by the PTO's review. *See Ever Win Int'l*, 902 F. Supp. 2d 507.

For these reasons, this Court should find that the simplification of issues for trial factor favors a stay. *See, e.g.*, *SenoRx*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at *5 (finding same).

**B. Status of Litigation**

Motions to stay pending reexamination and IPR are most often granted when the case is in the early stages of litigation. *Id.* at *5; *Ever Win Int'l*, 902 F. Supp. 2d at 507. Granting such a stay early in a case can be said to advance judicial efficiency and "maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Gioello*, 2001 WL 125340, at *2 (citation omitted). On the other hand, when a request for reexamination or IPR comes after discovery is complete or nearly complete, and trial is imminent, a stay is less likely to be granted. *See, e.g.*, *Belden Techs. Inc. v. Superior Essex Commc'ns LP,* Civ. No. 08–63–SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010) (finding that the status of the litigation weighed against granting a stay, where discovery in the case was complete as of the filing of the motion for stay, and trial was scheduled to begin within weeks); *Oracle Corp. v. Parallel Networks, LLP*, Civ. No. 06–414–SLR, 2010 WL 3613851, at *2 (D. Del. Sept. 8, 2010) (finding that the status of the litigation weighed against granting a stay, where stay motion was filed

"years into the . . . litigation" after fact and expert discovery, claim construction, and summary judgment were completed, and the Federal Circuit had ruled on the Court's judgment that the defendant did not infringe). In such circumstances, this Court and the parties have already expended significant resources on the litigation, and the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion.

The most significant case events in this litigation are in the future, not the past, as shown by the below chart from this Court's Scheduling Order. The completed events are stricken through.

| Event | Deadline |
|---|---|
| ~~Rule 26(a)(1) Initial Disclosures (¶ 1)~~ | ~~Within 10 days of the Court's Scheduling Order~~ |
| ~~Application to Court for Protective Order (¶ 3)~~ | ~~Within 10 days of the Court's Scheduling Order~~ |
| ~~Plaintiff to identify accused method(s) and/or products, its damages model, and asserted patents, and produce file histories (¶ 7a)~~ | ~~Monday, June 10, 2019~~ |
| ~~Defendant to produce core technical documents and sales figures of accused methods(s) and/or products (¶ 7b)~~ | ~~Wednesday, July 10, 2019~~ |
| ~~Plaintiff to produce initial claim charts (¶ 7c)~~ | ~~Friday, August 9, 2019~~ |
| ~~Defendant to produce its initial invalidity contentions and known related invalidating references (¶ 7d)~~ | ~~Monday, September 9, 2019~~ |
| ~~Exchange list of claim terms and proposed constructions (¶ 11)~~ | ~~Wednesday, October 9, 2019~~ |
| ~~Submit Joint Claim Construction Chart (two weeks before Opening Claim Construction brief) (¶ 11)~~ | ~~Wednesday, October 23, 2019~~ |

| | |
|---|---|
| Serve Plaintiff's Opening Claim Construction Brief (20 pages) (¶ 12) | Wednesday, November 6, 2019 |
| Serve Defendant's Answering Claim Construction Brief (30 pages) (¶ 12) | Monday, December 9, 2019 |
| Document production substantially complete (¶ 8b) | Monday, December 16, 2019 |
| Serve Plaintiff's Reply Claim Construction Brief (20 pages) (¶ 12) | Monday, January 13, 2020 |
| Joinder of Other Parties and Amendment of Pleadings (¶ 2) | Wednesday, January 15, 2020 |
| Serve Defendant's Sur-Reply Claim Construction Brief (10 pages) (¶ 12) | Monday, February 10, 2020 |
| File Joint Claim Construction Brief (¶ 12); and Joint Letter re: live testimony and amount of time for the Claim Construction Hearing (¶ 13) | Monday, February 24, 2020 |
| Technology Tutorials (on or before Joint Claim Construction Brief) (¶ 10) | Monday, February 24, 2020 |
| Claim Construction Hearing (¶ 13) | Tuesday, March 24, 2020 at 9:00 am |
| Plaintiff to provide final infringement contentions and supplemental accused products (¶¶ 7e, 14) | Wednesday, June 24, 2020 |
| Defendant to provide final invalidity contentions and supplemental prior art (¶¶ 7f, 14) | Friday, July 24, 2020 |
| Fact Discovery Cut Off (¶ 8a) | Friday, August 7, 2020 |
| Opening Expert Reports (¶ 8.f.i) | Friday, August 28, 2020 |
| Responsive Expert Reports (¶ 8.f.i) | Friday, September 18, 2020 |
| Reply Expert Reports (¶ 8.f.1) | Friday, October 9, 2020 |
| End of expert discovery period (¶ 8.f.i) | Friday, November 13, 2020 |

| | |
|---|---|
| Opening Brief(s) for Dispositive Motions (¶ 15) and *Daubert* motions (¶ 8.f.iii) | Monday, December 14, 2020 |
| Responsive Brief(s) for Dispositive Motions (¶ 15) and *Daubert* motions (¶ 8.f.iii) | Monday, January 18, 2021 |
| Reply Brief(s) for Dispositive Motions (¶ 15) and *Daubert* motions (¶ 8.f.iii) | Friday, February 12, 2021 |
| Submit Joint Proposed Final Pretrial Order (¶ 18) | Wednesday, April 7, 2021 |
| Jury Instructions, Voir Dire, and Special Verdict Forms (¶ 19) | Friday, April 9, 2021 |
| Pretrial Conference (¶ 18) | Wednesday, April 14, 2021 at 9:00 am |
| Jury Trial (¶ 20) | Monday, May 10, 2021 at 9:30 am |
| Judgment on Verdict and Post-Trial Status Report (¶ 21) | Seven days after a jury returns a verdict |

This case may have been filed one year ago, but the Scheduling Order was not entered until five months ago, claim construction is yet to be completed, the *Markman* hearing is five months away, final infringement and invalidity contentions are not due for another eight to nine months, fact discovery does not end for another nine-and-a-half months, expert discovery does not end for another thirteen months, dispositive motions are not due for another fourteen months, and trial is eighteen months away. Furthermore, the parties have not exchanged interrogatories, requests for production, requests for admission, or conducted any depositions. *Cf. Life Techs. Corp. v. Illumina, Inc.*, Civil Action No. 09–706–RK, 2010 WL 2348737, at *3–4 (D. Del. June 7, 2010) (finding the status of litigation factor did not favor a stay when the parties were "halfway through the pretrial stage" and more than a million pages of relevant discovery had been produced).

Moreover, this Court has not had to devote significant resources to this case. *C.f. Softview LLC v. Apple Inc.*, Civ. No. 10–389–LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (finding that the status of the litigation did not favor a stay, even where the litigation remained at an "early stage," in part because the parties and the Court had devoted "[s]ubstantial time and resources . . . to [the] scheduling and . . . resolution of discovery disputes" and to other pending motions); *Cooper Notification, Inc. v. Twitter, Inc.*, Civ. No. 09–865–LPS, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010) (declining to find that the status of the litigation favored a stay, even when discovery had just begun and would not be complete for eleven months, because, *inter alia,* the Court had devoted "significant resources" to formulating a schedule and overseeing a contested scheduling hearing).

For these reasons, this Court should find that the status of the litigation factor squarely favors a stay. *See, e.g.*, *SenoRx*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at *5–6 (finding same).

## C.  Prejudice

This Court has analyzed whether a party would suffer undue prejudice (and whether a party would gain an unfair tactical advantage) if a stay is granted by examining four factors: (1) the timing of the request for reexamination; (2) the timing of the request for stay;[1] (3) the status of reexamination proceedings; and (4) the relationship of the parties. *See SenoRx*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at *6; *Ever Win Int'l*, 902 F. Supp. 2d at 508; *Vehicle IP,* 2010 WL 4823393, at *2; *Boston Scientific Corp. v. Cordis Corp.,* 777 F.Supp.2d 783, 789 (D. Del. 2011).

---

[1] The first two "timing" factors are considered together given their temporal proximity in this case.

### *(1) Timing of the request for reexamination and the request for stay*

The less time that a party waits to file a motion to stay pending reexamination, the less that the movant's conduct gives rise to an inference that the delay in so doing was impermissibly tactical. *See Round Rock*, 2012 WL 1185022, at \*2; *see also Belden Techs.*, 2010 WL 3522327, at \*2 (finding that requests for reexamination made 17–20 months after lawsuit was initiated, followed by a motion to stay filed eleven days before trial, gave rise to such an inference); *Oracle Corp.*, Civ. No. 06–414–SLR, 2010 WL 3613851, at \*2–3 (finding that "there is an inference that [the moving party sought] an inappropriate tactical advantage" when motion to stay was filed over four years after suit commenced and over a year after final rejections were issued in both relevant reexamination proceedings); *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, No. Civ. A. 01–557JJF, 2003 WL 25283239, at \*1 (D. Del. Jan. 30, 2003) (denying motion to stay and noting that "the fact that the instant motion was filed after the close of discovery and weeks before the commencement of the scheduled trial date" supported inference of prejudice in the delay).

The Complaint in this case was filed on October 26, 2018. Rein Tech filed its *ex parte* reexamination requests for the '150 and '472 Patents on August 2, 2019, and the '792 Patent on August 5, 2019. The PTO granted the reexamination requests for the '150 and '427 Patents on September 10, 2019, and on September 30, 2019, for the '792 Patent. Rein Tech is requesting a stay of this case about a month after receiving the last reexamination order for the '792 Patent.

Although Rein Tech did not file its reexamination requests and request for stay near the same time as filing its Complaint, it did so before substantive activity and discovery has occurred in this case. Thus, it cannot be asserted that the requests were prompted by, for example, a case

event that harmed Rein Tech's litigation position.  *See SenoRx*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at \*7; *Ever Win Int'l*, 902 F. Supp. 2d at 508–09.  As a result, the timing of Rein Tech's requests suggest that it was not motivated by inappropriate litigation tactics.  *See SenoRx*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at \*7; *Ever Win Int'l*, 902 F. Supp. 2d at 509. Instead, the requests were made in a reasonably timely fashion; therefore, these two "timing" considerations weigh in favor of a stay.

### *(2) Status of reexamination proceedings*

The reexamination proceedings for the Patents-in-Suit are in their early stages, with the reexamination requests for the '150 and '427 Patents having been ordered recently on September 10, 2019, and on September 30, 2019, for the '792 Patent.  Potential delay from reexamination "does not, by itself, amount to undue prejudice."  *Wall Corp. v. BondDesk Grp., LLC,* C.A. No. 07–844 GMS, 2009 WL 528564, at \*2 (D. Del. Feb.24, 2009); *see also Enhanced Sec. Research, LLC v. Cisco Sys., Inc.,* C.A. No. 09–571–JJF, 2010 WL 2573925, at \*3 (D. Del. June 25, 2010) ("[T]he Court recognizes that a stay may delay resolution of the litigation, but this alone does not warrant a finding that Plaintiffs will be unduly prejudiced.").  That said, this Court has noted that PTO reexaminations typically result in lengthy delays, which can hinder a plaintiff's ability to obtain timely resolution regarding its allegations of patent infringement.  *See, e.g., Vehicle IP,* 2010 WL 4823393, at \*2 ("[R]eexamination is an arduous process fraught with the potential for multiple appeals.") (internal quotation marks and citation omitted).  Unlike these cases, however, the plaintiff in this case, Rein Tech, versus the defendant, is the party requesting a stay of this case.  Rein Tech understands that the reexaminations may take a long time to complete, but it feels that the benefit of the simplification of the invalidity issues in this case outweighs the potential detriments from a lengthy stay.

### (3) Relationship of the Parties

The final factor to consider in assessing the potential prejudice to the non-movant is the relationship of the parties, which typically involves considering if the parties are direct competitors. *See, e.g.*, *SenoRx*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at *7; *Ever Win Int'l*, 902 F. Supp. 2d at 510; *Cooper Notification*, 2010 WL 5149351, at *5; *Belden Techs.*, 2010 WL 3522327, at *3 ("Some courts are reluctant to stay proceedings where the parties are direct competitors."); *Boston Scientific Corp.*, 777 F.Supp.2d at 789 (finding that the parties' relationship weighed against a stay where parties were the only two companies marketing the drug-eluting stents at issue in that case). Courts have recognized that when the parties are direct competitors, there is a reasonable chance that a delay in adjudicating the alleged infringement will have outsized consequences to the party asserting that infringement has occurred, including the potential for loss of market share and an erosion of goodwill. *See, e.g.*, *Nat'l Prods., Inc. v. Gamber–Johnson LLC*, No. 2:12–cv–00840, 2012 WL 3527938, at *2–3 (W.D. Wash. Aug.14, 2012).

While Rein Tech sells remotely controllable water monitoring and shut-off devices for residential and commercial uses, the parties in this case are not direct competitors. Accordingly, this factor weighs in favor of a stay.

## VI.   CONCLUSION

For these reasons, this Court should grant Rein Tech's motion for stay.

Dated: November 4, 2019

Peter J. Corcoran, III
Texas Bar No. 24080038
*Pro Hac Vice*
CORCORAN IP LAW, PLLC
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

Respectfully Submitted,

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
1526 Gilpin Avenue
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

*Counsel for Plaintiff*
*REIN TECH, INC.*

-14-

## RULE 7.1.1 STATEMENT

The undersigned certifies that reasonable efforts have been made to reach agreement with

counsel for Defendant Mueller Systems, LLC on the matters provided in this motion.

Defendant's counsel remains opposed to this motion.

/s/ Timothy Devlin
Timothy Devlin
