# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REIN TECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 18-cv-1683-MN |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MUELLER SYSTEMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY ACTION PENDING *EX PARTE* REEXAMINATIONS**

MORRIS JAMES, LLP
Kenneth L. Dorsney (I.D. No. 3726)
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com

TAYLOR ENGLISH DUMA, LLP
Todd E. Jones (admitted *pro hac vice*)
Coby S. Nixon (admitted *pro hac vice*)
Seth K. Trimble (admitted *pro hac vice*)
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
(770) 434-6868
tjones@taylorenglish.com
cnixon@taylorenglish.com
strimble@taylorenglish.com

*Attorneys for Defendant
Mueller Systems LLC*

Dated: November 18, 2019

**TABLE OF CONTENTS**

THE NATURE AND STAGE OF THE PROCEEDINGS............................................................... 1

SUMMARY OF MUELLER'S ARGUMENT......................................................................... 8

ARGUMENT ................................................................................................................................ 8

    I.    Rein Tech's Requested Stay Would Unduly Prejudice Mueller. ................................... 9

    II.    A Stay Would Not Simplify The Issues For Trial. ...................................................... 12

    III.    The Status of this Litigation Does Not Favor a Stay. ................................................. 13

CONCLUSION............................................................................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

*Adrain v. Vigilant Video, Inc.*,
   No. 2:10-CV-173-JRG, 2012 WL 966200 (E.D. Tex. Mar. 21, 2012) .................................. 10

*Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC*,
   464 F. Supp. 2d 481 (D. Md. 2006) ................................................................................ 9

*ASUSTek Computer Inc. v. Ricoh Co.*,
   No. C0701942 MHP, 2007 WL 4190689 (N.D. Cal. Nov. 21, 2007)..................................... 10

*Belden Techs. Inc. v. Superior Essex Communs. LP*,
   2010 U.S. Dist. LEXIS 90960 (D. Del. Sept. 2, 2010) ......................................................... 10

*Bloom Eng'g Co. v. N. Am. Mfg. Co.*,
   129 F.3d 1247 (Fed. Cir. 1997) ................................................................................. 11, 12

*Ethicon LLC v. Intuitive Surgical, Inc.*,
   No. 17-871 (LPS), 2019 U.S. Dist. LEXIS 45452 (D. Del. Mar. 20, 2019) .............................. 9

*Fresenius Kabi USA, LLC v. Fera Pharm., LLC*,
   No. CV153654KMMAH, 2017 WL 2213123 (D.N.J. May 19, 2017) ..................................... 9

*Fujitsu Ltd. v. Tellabs Operations, Inc.*,
   No. 08 C 3379, 2012 WL 987272 (N.D. Ill. Mar. 21, 2012)..................................................... 10

*Hockerson-Halberstadt, Inc. v. Avia Grp. Int'l*,
   222 F.3d 951 (Fed. Cir. 2000)................................................................................................ 13

*Ind. State Police Pension Trust v. Chrysler LLC*,
   129 S. Ct. 2275 (2009) ........................................................................................................... 8

*Intest Corp. v. Reid-Ashman Mfg., Inc.*,
   66 F. Supp. 2d 576 (D. Del. 1999) ........................................................................................ 11

*Kaufman Co., Inc. v. Lantech, Inc.*,
   807 F.2d 970 (Fed. Cir. 1986)................................................................................................ 11

*Kenexa BrassRing, Inc. v. Taleo Corp.*,
   No. 07-521-SLR, 2009 U.S. Dist. LEXIS 12002 (D. Del. Feb. 18, 2009) .............................. 12

*Life Techs. Corp. v. Illumina, Inc.*,
   2010 U.S. Dist. LEXIS 55623 (D. Del. June 7, 2010) ............................................................ 10

*Lippert Components Mfg., Inc. v. AL-KO Kober, LLC*,
   No. 3:13-CV-697-JVB-CAN, 2014 WL 8807329 (N.D. Ind. Jan. 16, 2014) ........................... 9

*Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*,
   No. JKB-09-2657, 2011 WL 836673 (D. Md. Mar. 3, 2011) .................................................. 9

*Neupak, Inc. v. Ideal Mfg. & Sales Corp.*,
   41 F. App'x 435 (Fed. Cir. 2002)............................................................................................ 11

*Superior Fireplace Co. v. Majestic Prods. Co.*,
 270 F.3d 1358 (Fed. Cir. 2001) .................................................................................................. 2

*TIP Sys., LLC v. SBC Operations, Inc.*,
 No. CIV.A.H-06-0253, 2008 WL 594258 (S.D. Tex. Mar. 4, 2008) ...................................... 10

*Xerox Corp. v. Google, Inc.*,
 270 F.R.D. 182 (D. Del. 2010) ......................................................................................... 11, 12

*Zyme Sols., Inc. v. InfoNow Corp.*,
 No. C 13-04082 WHA, 2013 WL 6699997 (N.D. Cal. Dec. 19, 2013) ................................. 10

**Statutes**

35 U.S.C. § 255 ................................................................................................................................ 2

35 U.S.C. § 305 ................................................................................................................................ 6

## THE NATURE AND STAGE OF THE PROCEEDINGS[1]

The procedural history of this case and the file histories of the patents-in-suit are twisted ones indeed, and Rein Tech's case is the very definition of a moving target. In short, it's a mess.

Rein Tech filed its Complaint against Mueller[2] on October 26, 2018. D.I. 1. Rein Tech brought claims against Mueller for direct and induced infringement of three patents, U.S. Patent Nos. 9,297,150 ("the '150 Patent"), 8,347,427 ("the '427 Patent"), and 9,749,792 ("the '792 Patent"). At that time, the claims Rein Tech asserted against Mueller, based on claim charts appended to the Complaint, were as follows:

- Claims 1-7, 13-16, and 18 of the '427 Patent (D.I. 1, Ex. 8);
- Claim 8[3] of the '150 Patent (D.I. 1, Ex. 9); and
- Claims 1-5, 23, and 30 of the '792 Patent (D.I. 1, Ex. 10).

In December 2018, at the very beginning of the lawsuit and before Mueller filed its Answer and Counterclaims, counsel for Mueller disclosed to counsel for Rein Tech a prior art reference, U.S. Patent No. 8,833,390 to Ball. Soon thereafter, in January 2019, Mueller identified several other references in its Answer and Counterclaims, in addition to the Ball reference: U.S. Patent No. 6,105,607 to Caise; U.S. Patent No. 6,543,479 to Coffey; U.S. Patent No. 8,013,732 to Petite; U.S. Patent No. 8,644,804 to Blackwell; U.S. Patent No. 9,019,120 to Broniak; U.S. Patent Publ. No. 2008/0295895 to Vincent; U.S. Patent Publ. No.

---

[1] The following section is included virtually verbatim in Mueller's Nature and Stage of the Proceedings in its Brief in Support of its Motion for Judgment on the Pleadings (D.I. 46 at 6-13), but Mueller has reiterated it here for ease of reference.

[2] Rein Tech initially filed suit against an incorrect defendant, Mueller Water Products, Inc., but the parties subsequently agreed to substitute Mueller Systems, LLC, as the defendant. *See* June 20, 2019, Order by Judge Noreika.

[3] While the first column of Rein Tech's original claim chart referred to claim 1 of the '150 Patent, the recited claim language is from claim 8. Thus, Rein Tech incorrectly identified Claim 1 as the asserted claim.

2011/0035063 to Palayur; and ModHopper, "The Extended Range," http://www.obvius.com/Products/R9120-5 May 2009. D.I. 10.

In January 2019, counsel for Mueller also sent counsel for Rein Tech a detailed letter, explaining, *inter alia*, why Mueller's products did not infringe Rein Tech's patents.[4]

On August 2, 2019, Rein Tech *sua sponte* initiated two *ex parte* reexamination proceedings at the PTO, seeking reexamination of claims 8-19 and 28 of the '150 Patent and claims 1-10 and 12-20 of the '427 Patent. On October 28, 2019, Rein Tech filed a Supplemental Amendment requesting reexamination of claims 21, 23, and 26 of the '150 Patent. (Copies of the '150 Patent and '427 Patent *ex parte* reexamination requests are attached as Exhibits A and B, to Mueller's pending Motion for Judgment on the Pleadings, D.I. 47-1 and 47-2.) On August 5, 2019, Rein Tech initiated an *ex parte* proceeding seeking reexamination of all claims of the '792 Patent. (A copy of the '792 Patent *ex parte* reexamination request is attached as Exhibit C to Mueller's pending Motion for Judgment on the Pleadings, D.I. 47-3.) Rein Tech raised SNQs and expressly admitted that numerous references anticipate or render obvious all requested claims in all three patents based on various prior-art references, as well as requested significant, material amendments of the specifications and all or several claims of each patent. The PTO then agreed with Rein Tech's requests and instituted reexaminations on all requested claims for each patent. In summary:

'150 Patent

---

[4] On March 21, 2019, Rein Tech filed a request for certificate of correction to amend one of the claims of the '427 Patent, in response to one of Mueller's non-infringement points. The examiner inexplicably allowed the "correction," even though it was clearly impermissible under 35 U.S.C. § 255. *See Superior Fireplace Co. v. Majestic Prods. Co.,* 270 F.3d 1358, 1372-73 (Fed. Cir. 2001) (Explaining that Section 255 protects the public against unanticipated broadening of a claim by allowing broadening corrections only if they are corrections of clerical or typographical mistakes and "only where it is clearly evident from the specification, drawings, and prosecution history how the error should appropriately be corrected.").

- Requests reexamination of claims 8-19, 21, 23, 26, and 28 (which includes the only claim originally asserted against Mueller, claim 8);
- Materially amends the specification and all claims in an attempt to distinguish them from the prior art and/or to address Mueller's non-infringement arguments;
- Seeks to amend the specification to expand the scope of the claims; and
- As shown below, says references identified in Mueller's Answer and Counterclaims (Broniak, Ball, Blackwell, and Palayur) and additional references anticipate claims 8-19 and 28. (Rein Tech requested reexamination of claims 21, 23, 26 in its Supplemental Amendment.)

> D. CLAIM CHARTS (CC)
>
> (CC1) 35 U.S.C. § 102(b) Sears anticipates claims 8-19 and 28 of the '150 Patent
>
> (CC2) 35 U.S.C. § 102(b) Meek anticipates claims 8-19 and 28 of the '150 Patent
>
> (CC3) 35 U.S.C. § 102(b) Bowman anticipates claims 8-19 and 28 of the '150 Patent
>
> (CC4) 35 U.S.C. § 102(b) Blackwell '804 anticipates claims 8-19 and 28 of the '150 Patent
>
> (CC5) 35 U.S.C. § 102(b) Ball anticipates claims 8-19 and 28 of the '150 Patent
>
> (CC6) 35 U.S.C. § 102(b) Broniak anticipates claims 8-19 and 28 of the '150 Patent
>
> (CC7) 35 U.S.C. § 102(b) Blackwell '421 anticipates claims 8-19 and 28 of the '150 Patent
>
> (CC8) 35 U.S.C. § 102(b) Palayur anticipates claims 8-19 and 28 of the '150 Patent

(Excerpt of D.I. 45-1, p. 119).

'427 Patent

- Requests reexamination of claims 1-10 and 12-20 (which includes all claims originally asserted against Mueller);
- Materially amends claims 1, 2, 5-9, and 11-14 in an attempt to distinguish them from the prior art and/or to address Mueller's non-infringement arguments;
- Seeks to amend the specification to deal with blatant copying of wholesale sections of U.S. Patent Appl. No. 2004/0193329 (issued as U.S. Patent No. 7,188,003) to Ransom, allegedly by an IT consultant; and
- As shown below, says references identified in Mueller's Answer and Counterclaims (Broniak, Ball, Caise, Petite, Blackwell, and Palayur) and additional references either anticipate the claims or render the claims obvious based on various combinations.

> D. CLAIM CHARTS (CC)
>
> (CC1) 35 U.S.C. § 102(b) Broniak '120 anticipate claims 1-10 and 12-20 of the '427 Patent.
>
> (CC2) 35 U.S.C. § 102(b) Palayur '063 anticipate claims 1-10 and 12-20 of the '427 Patent.
>
> (CC3) 35 U.S.C. § 103(a) Broniak '120 in view of Palayur '063 render claims 1-10 and 12-20 of the '427 Patent obvious
>
> (CC4) 35 U.S.C. § 102(b) Ball'390 render anticipate claims 1-10 and 12-20 of the '427 Patent.
>
> (CC5) 35 U.S.C. § 103(a) Broniak'120 in view of Palayur '063 and further in view of Ball '390 render claims 1-10 and 12-20 of the '427 Patent obvious
>
> (CC6) 35 U.S.C. § 103(a) Broniak'120 in view of Palayur '063 and further in view of Ball '390, and in further view of Petite '732 render claims 1-10 and 12-20 of the '427 Patent obvious
>
> (CC7) 35 U.S.C. § 103(a) Broniak '120 in view of Palayur '063 and further in view of Ball '390 and further in view of Caise '607 render claims 1-10 and 12-20 of the '427 Patent obvious.
>
> (CC8) 35 U.S.C. § 102(b) Benson '827 anticipate claims 1-10 and 12-20 of the '427 Patent.
>
> (CC9) 35 U.S.C. § 102(b) Blackwell '804 anticipate claims 1-10 and 12-20 of the '427 Patent.
>
> (CC10) 35 U.S.C. § 102(b) Olson '690 anticipate claims 1-10 and 12-20 of the '427 Patent.
>
> (CC11) 35 U.S.C. § 102(b) Zigdon'546 anticipate claims 1-10 and 12-20 of the '427 Patent.

(Excerpt of D.I. 45-2, p. 76).

'792 Patent

- Requests reexamination of claims 1, 2, 5, 6, 10, 12, 17, 24-27, 29, 31, and 34 (which includes all claims originally asserted against Mueller);
- Materially amends all previously asserted claims;
- Seeks to amend the specification to deal with blatant copying of wholesale sections of U.S. Patent Appl. No. 2004/0193329 (issued as U.S. Patent No. 7,188,003) to Ransom, allegedly by an IT consultant; and

4

- Attaches references that include references identified in Mueller's Answer and Counterclaims (Broniak, Ball, Caise, Blackwell, Vincent, and Palayur) and additional patents, as shown below, and states that these references either anticipate the claims or render the claims obvious based on various combinations.

> (CC6) 35 U.S.C. § 103(a) Broniak in view of Palayur and further in view of Ball, and in further view of Petite render claims 1, 2, 5, 6, 10, 13, 17, 24, 26, 25, 31 and 34 of the '792 Patent obvious
>
> (CC7) 35 U.S.C. § 103(a) Broniak in view of Palayur and further in view of Ball and further in view of Caise render claims 1, 2, 5, 6, 10, 13, 17, 24, 26, 25, 31 and 34 of the '792 Patent obvious
>
> (CC8) 35 U.S.C. § 103(a) Broniak in view of Palayur and further in view of Ball and further in view of Vincent render claims 1, 2, 5, 6, 10, 13, 17, 24, 26, 25, 31 and 34 of the '792 Patent obvious
>
> (CC9) 35 U.S.C. § 102(b) Benson anticipated claims 1, 2, 4, 5, 6, 24, 25, 26 and 34 of the '792 Patent
>
> (CC10) 35 U.S.C. § 102(b) Blackwell '804 anticipated claims 1, 2, 4, 5, 6, 24, 25, 26 and 34 of the '792 Patent
>
> CC11) 35 U.S.C. § 102(b) Olson '690 anticipates claims 1, 2, 4, 5, 6, 24, 25, 26 and 34 of the '792 Patent
>
> (CC12) 35 U.S.C. § 102(b) Zigdon '546 anticipates claims 1, 2, 4, 5, 6, 24, 25, 26 and 34 of the '792 Patent
>
> (CC13) 35 U.S.C. § 102(b) Zigdon '651 anticipates claims 1, 2, 4, 5, 6, 24, 25, 26 and 34 of the '792 Patent
>
> (CC14) 35 U.S.C. § 102(b) Lazar anticipates claims 1, 2, 4, 5, 6, 24, 25, 26 and 34 of the '792 Patent obvious

(Excerpt of D.I. 45-3, p. 61).

In the reexamination petitions, and as shown in the prior images, Rein Tech includes an introduction where it states that SNQs "are presented herein" and a table of exhibits where it admits, as headings, that a SNQ exists in view of the references and that each reference anticipates

5

the claims at issue or renders them obvious in combination. The introduction, heading statements, and the inclusion of proposed amendments all suffice as admissions that the claims at issue are invalid.[5]

On September 9, 2019, after the parties discussed a possible dismissal of the case in light of the reexaminations (*see* D.I. 37), Rein Tech served Mueller with a new claim chart with its initial infringement contentions pursuant to D.I. 24, along with an e-mail message from counsel for Rein Tech in which he stated as follows: "Attached is Rein Tech's Initial Claim Chart for USP 9,297,150. We are not asserting our claims for USPs 8,347,427 and 9,749,792 for now." A copy of this communication is attached as Ex. A. At that time, Rein Tech was asserting claims 8, 12, 15, 17, 21, 23, and 26 of the '150 Patent against Mueller.

On September 10, 2019, the PTO examiner granted Rein Tech's requests for *ex parte* reexaminations of all requested claims of the '150 and '427 Patents. In the office action for the '150 Patent reexamination, the Examiner agreed with every requested ground for review and found a SNQ for each requested claim. In the office action for the '427 Patent reexamination, the Examiner agreed with Rein Tech's requested ground for review based on Broniak in view of Palayur in view of Ball in further view of Petite and found a SNQ for each requested claim. In short, Rein Tech has formally requested reexamination of all asserted claims of the '150 Patent and has sought material amendments of those claims.

On September 30, 2019, the PTO examiner granted the *ex parte* reexamination of the '792 Patent. In the office action for the '792 Patent reexamination, the Examiner agreed with thirteen of Rein Tech's grounds for review and found a SNQ for each requested claim. (Copies of the

---

[5] Moreover, Rein Tech's attempts to broaden the scope of the patents on reexamination is impermissible. Reexamination may entail changes in the claims, except that the scope of the claims cannot be enlarged. *See* 35 U.S.C. § 305.

6

PTO's office actions for the '150, '427, and '792 Patents are available at D.I. 45-1 at pp. 55-81, D.I. 45-2 at pp. 1-33, and D.I. 45-3 at pp. 1-34.)

Then, in an October 21, 2019, email, Rein Tech's counsel notified Mueller that the plaintiff was revising its claims-in-suit *yet again*: "The USPTO has ordered that all three patents in suit be reexamined…. Rein Tech does not intend to continue pursuing Claims 21, 23, and 26 of USP 9,297,150 at this time." A copy of this communication is attached as Ex. B.

Thus, after the dust has settled (for now at least), and according to the Rein Tech's claim chart and its own subsequent statements, it is now asserting only Claims 8 (independent), 12, 15, and 17 of the '150 Patent against Mueller. As its counsel stated in his message, as the claim chart confirms, and as Rein Tech's pending Motion to Stay explains, Rein Tech no longer is asserting any claims against Mueller for infringement of the '427 and '792 Patents.

Thus, the only claims presently asserted against Mueller are claims 8, 12, 15, and 17 of the '150 patent. Claim 8 is an independent claim, and claims 12, 15, and 17 depend from claim 8. Yet in the pending reexamination of the '150 Patent, Rein Tech has expressly conceded the invalidity of claims 8, 12, 15, and 17 and has sought to amend every single one of those claims materially.

On November 4, 2019, Rein Tech filed its Motion to Stay Action Pending *Ex Parte* Reexaminations (the "Motion to Stay")[6]. D.I. 43. Simultaneously with this Response, Mueller has filed its Motion for Judgment on the Pleadings, in which Mueller argues that judgment for Mueller and dismissal of Rein Tech's claims are the appropriate resolutions of this case and not a stay.

---

[6] On October 29, 2019, Mueller filed IPR petitions for the '150, '427, and '792 Patents. Rein Tech's Motion specifically identifies the IPR petitions but does not specifically cite to them as a basis for its requested relief.

For the foregoing reasons, Mueller asks that this Court deny Rein Tech's Motion to Stay and instead grant Mueller's Motion for Judgment on the Pleadings.[7]

## SUMMARY OF MUELLER'S ARGUMENT

The only claims presently asserted against Mueller are claims 8, 12, 15, and 17 of the '150 patent. Claim 8 is an independent claim, and claims 12, 15, and 17 depend from claim 8. Yet in the pending reexamination of the '150 Patent, Rein Tech has expressly conceded the invalidity of claims 8, 12, 15, and 17 and has sought to amend every single one of those claims materially.

The Court should deny Rein Tech's Motion to Stay because it has admitted that the asserted claims are invalid and a stay (as opposed to dismissal) would cause significant prejudice to Mueller. Indeed, Mueller's alternative Motion for Judgment on the Pleadings will resolve the entire matter without the need to wait the 5-6 years the reexaminations will likely take to conclude.

## ARGUMENT

Rein Tech bears the burden of showing that a stay is justified under the specific circumstances of this case. *See, e.g. Ind. State Police Pension Trust v. Chrysler LLC*, 129 S. Ct. 2275, 2776–77, 173 L. Ed. 2d 1285 (2009) ("A stay is not a matter of right . . . . It is instead an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."). Courts typically review three factors in determining whether a stay is appropriate: "(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. Sometimes courts also

---

[7] If this Court ultimately declines to grant Mueller's Motion for Judgment on the Pleadings, then Mueller would be amenable to a stay of this case in the alternative, even though Mueller opposes such a stay in light of its pending Motion for Judgment on the Pleadings. Mueller is also amenable to a temporary stay of the proceedings for the period of time it takes this Court to rule on the pending Motions.

8

consider whether the moving party would face hardship or inequity in going forward with the litigation." *Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-871 (LPS), 2019 U.S. Dist. LEXIS 45452, at *3-4 (D. Del. Mar. 20, 2019). Here, Rein Tech has failed to show that any factor favors a stay.

## I. Rein Tech's Requested Stay Would Unduly Prejudice Mueller.

"Prejudice against the non-movant is probably the most important factor to consider when determining whether a stay is appropriate." *Lippert Components Mfg., Inc. v. AL-KO Kober, LLC*, No. 3:13-CV-697-JVB-CAN, 2014 WL 8807329, at *2 (N.D. Ind. Jan. 16, 2014).[8] "Before issuing a stay, a court must be satisfied that a pressing need exists, and that that need outweighs any possible harm to the interests of the non-moving party." *See, e.g., Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, No. JKB-09-2657, 2011 WL 836673, at *1 (D. Md. Mar. 3, 2011). This factor weighs strongly against, and alone warrants denial of, a stay in this case in light of the much more justifiable judgment on the pleadings that Mueller has requested.

The delay that Rein Tech seeks would be highly prejudicial to Mueller because it would maintain the cloud of alleged infringement liability over Mueller for claims that Rein Tech has admitted are invalid. Courts routinely recognize that a stay will prejudice an accused infringer by maintaining a cloud of infringement liability over the accused.[9] Mueller has a strong interest in

---

[8] Emphasis throughout is added, unless indicated otherwise.
[9] *See Fresenius Kabi USA, LLC v. Fera Pharm., LLC*, No. CV153654KMMAH, 2017 WL 2213123, at *6–7 (D.N.J. May 19, 2017) ("To eliminate the 'risk' of infringement liability, [the patentee] would still need to prevail on the merits of the infringement issues, the resolution of which should not be delayed."); *Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC*, 464 F. Supp. 2d 481, 485-86 (D. Md. 2006) ("If the Court grants the stay pending reexamination then the defendants would be forced to continue operating not knowing whether their activities will subject them to liability for patent infringement . . . . In light of that uncertainty, [the defendant] would be compelled to make the choice between: 1) continuing to operate as it has and potentially increasing its liability, or 2) changing its operations and potentially finding out that the labor and cost of changing was not necessary. The Court declines to leave the infringement suit hanging over [the defendant]'s operations . . . . The likelihood of prejudice to [the defendant]…favors denying

9

resolving this dispute, and as its Motion for Judgment on the Pleadings explains, Rein Tech's own actions entitle Mueller to remove any question of liability arising from this matter.

Further, as Judge Robinson has explained, "reexamination is an arduous process fraught with the potential for multiple appeals." *Belden Techs. Inc. v. Superior Essex Communs. LP*, 2010 U.S. Dist. LEXIS 90960, at *9, (D. Del. Sept. 2, 2010). Rein Tech has only recently filed its reexamination requests and they are likely to last for ***several more years***. *See Life Techs. Corp. v. Illumina, Inc.*, 2010 U.S. Dist. LEXIS 55623 (D. Del. June 7, 2010)("[R]eexaminations … are likely to take 6.5 to 8 years to reach a final decision."). Here, Mueller's Motion for Judgment on the Pleadings explains numerous reasons why Rein Tech's claims should be dismissed with

---

the stay."); *Zyme Sols., Inc. v. InfoNow Corp.*, No. C 13-04082 WHA, 2013 WL 6699997, at *5 (N.D. Cal. Dec. 19, 2013) ("[S]taying this action raises real concerns of prejudice," because during a stay "[the patentee]'s allegations that [the accused infringer] makes, uses, offers for sale, or sells infringing products and services could continue to percolate in the media and [the patentee]'s alleged damages could continue to accrue," and "stay of this action would prejudice [the accused]'s interests in clearing the air."); *Fujitsu Ltd. v. Tellabs Operations, Inc.*, No. 08 C 3379, 2012 WL 987272, at *3 (N.D. Ill. Mar. 21, 2012) (finding accused infringer "would be unduly prejudiced" because "[w]hether its position on the merits is right or wrong, [the accused infringer] is entitled to a resolution of issues that threaten its business interests"); *Adrain v. Vigilant Video, Inc.*, No. 2:10-CV-173-JRG, 2012 WL 966200, at *2 (E.D. Tex. Mar. 21, 2012) ("The undue prejudice factor weighs in favor of denying the stay. Just as Plaintiffs have an interest in the timely enforcement of patent rights, Defendants may also have an interest in the timely resolution of patent infringement cases….Defendants have counterclaimed for Declaratory Judgment of Non–Infringement and Invalidity….With the shadow of patent infringement allegations looming over its day-to-day business activities, there can be no dispute that the Defendants have a justiciable interest in the timely resolution of this case."); *TIP Sys., LLC v. SBC Operations, Inc.*, No. CIV.A.H-06-0253, 2008 WL 594258, at *1 (S.D. Tex. Mar. 4, 2008) (denying patentee's motion to stay, where "a stay would be prejudicial [to the accused infringers] by making [the accused infringers] remain as defendants to federal patent litigation" and would "further [the patentee's] improper desire to keep [the accused infringers] in judicial limbo"); *ASUSTek Computer Inc. v. Ricoh Co.*, No. C0701942 MHP, 2007 WL 4190689, at *2 (N.D. Cal. Nov. 21, 2007) ("prejudice and inefficiency resulting from a stay would greatly outweigh any gains" where staying litigation "would be highly prejudicial" to the accused infringer, because the accused infringer "has been living in the shadow" of the patentee's patent litigation, and a stay would delay the accused infringer's ability to "escape that shadow and to have this court determine the merits of the matter").

prejudice. Allowing this matter to instead be stayed until the reexaminations finally conclude would leave Mueller in limbo long beyond when the matter could be resolved via Mueller's Motion for Judgment on the Pleadings.

Finally, staying the case would also create potential confusion and complications on the damages issues. Suppose some claims emerge from the reexaminations without amendments and some with amendments. Any substantive change to the claims during reexamination will cut off any claims to damages for infringement prior to the reexamination certificate, under the doctrine of intervening rights. *See, e.g., Intest Corp. v. Reid-Ashman Mfg., Inc.*, 66 F. Supp. 2d 576, 583 (D. Del. 1999) ("[I]f the reexamined and original claims are not identical, then the patentee has no right to damages for infringement prior to the reissue or reexamination date, because the original patent has been surrendered and is extinguished.") (citing *Kaufman Co., Inc. v. Lantech, Inc.*, 807 F.2d 970, 976 (Fed. Cir. 1986)); *Bloom Eng'g Co. v. N. Am. Mfg. Co.,* 129 F.3d 1247, 1250 (Fed. Cir. 1997) ("Unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent can not be enforced against infringing activity that occurred before issuance of the reexamination certificate."); *Neupak, Inc. v. Ideal Mfg. & Sales Corp.,* 41 F. App'x 435, 442 (Fed. Cir. 2002) ("If substantive changes were made to original claim 7 during reexamination, Ideal is not liable for infringement for the period preceding the issuance of the reexamination certificate…."). *See also Xerox Corp. v. Google, Inc.,* 270 F.R.D. 182, 185 n.21 (D. Del. 2010) (citing *Intest*).

Here, it would be extremely difficult to try to parse the claims and damages as between amended claims and non-amended claims, should the patent-in-suit emerge from reexamination with both types of claims and then this case proceed after the lifting of a stay.

Thus, Rein Tech's requested stay would cause significant prejudice to Mueller, underscoring again why a judgment on the pleadings is far preferable.

## II. A Stay Would Not Simplify The Issues For Trial.

The only claims presently asserted against Mueller are claims 8, 12, 15, and 17 of the '150 patent. Claim 8 is an independent claim, and claims 12, 15, and 17 depend from claim 8. Yet in the pending reexamination of the '150 Patent, Rein Tech has expressly conceded the invalidity of claims 8, 12, 15, and 17 and has sought to amend every single one of those claims materially.

Admissions of invalidity in reexamination petitions are binding in related litigation. In *Kenexa BrassRing, Inc. v. Taleo Corp.,* Judge Robinson issued an order construing the parties' protective order and allowed the patentee's counsel to participate in an *inter partes* reexamination, but gave this warning in a footnote:

> Plaintiff has denied defendant's invalidity counterclaims in this case. (D.I. 10) The court considers amendments and revisions to claims on reexamination to be admissions regarding validity. Should plaintiff take an inconsistent position (to its litigation position) and revise its claims during reexamination, the court will consider the scope and effect of any such admission on an appropriate motion.

No. 07-521-SLR, 2009 U.S. Dist. LEXIS 12002, at *5 n. 2 (D. Del. Feb. 18, 2009). Mueller's Motion for Judgment on the Pleadings is the "appropriate motion" referenced in *Kenexa.* In *Xerox,* Magistrate Judge Thynge cited *Kenexa* in accordance: "See ... *Kenexa*, 2009 U.S. Dist. LEXIS 12002, 2009 WL 393782 at *2 n.2 ('The court considers amendments and revisions to claims on reexamination to be admissions regarding validity. Should plaintiff take an inconsistent position (to its litigation position) and revise its claims during reexamination, the court will consider the scope and effect of any such admission on an appropriate motion.')." 270 F.R.D. at 185 n.21. *See also Bloom Eng'g,* 129 F.3d at 1249-50. ("Sections 307 and 252 shield those who deem an adversely held patent to be invalid; if the patentee later cures the infirmity by reissue or

12

reexamination, the making of substantive changes in the claims is treated as an irrebuttable presumption that the original claims were materially flawed.")

Analogously, it is axiomatic that members of the public, including litigants and competitors, are entitled to rely on statements made in the file history:

> HHI's argument therefore reduces to a request for a mulligan that would erase from the prosecution history the inventor's disavowal of a particular aspect of a claim term's meaning. Such an argument is inimical to the public notice function provided by the prosecution history. The prosecution history constitutes a public record of the patentee's representations concerning the scope and meaning of the claims, and competitors are entitled to rely on those representations when ascertaining the degree of lawful conduct, such as designing around the claimed invention. *See Vitronics*, 90 F.3d at 1583, 39 U.S.P.Q.2D (BNA) at 1577; *Lemelson v. General Mills, Inc.*, 968 F.2d 1202, 1208, 23 U.S.P.Q.2D (BNA) 1284, 1289 (Fed. Cir. 1992).

*Hockerson-Halberstadt, Inc. v. Avia Grp. Int'l,* 222 F.3d 951, 957 (Fed. Cir. 2000).

Here, Rein Tech states that "this Court will have the benefit of the PTO's expertise and views on the prior art, which can help focus and streamline this Court's review of issues surrounding that art later in this litigation," but this argument is inapposite. As shown above, Rein Tech's requested stay does nothing to simplify the issues for trial because it has admitted that all of its asserted claims are invalid. Accordingly, this factor does not factor staying this action.

### III.   The Status of this Litigation Does Not Favor a Stay.

The prejudice to Mueller substantially outweighs the fact that this litigation is in its relatively early stages. For the reasons discussed above, there is no reasonable basis to stay this action when the entire matter can be resolved with prejudice via Muller's Motion for Judgment on the Pleadings.

Mueller respectfully submits that its Motion for Judgment on the Pleadings will resolve this matter in its entirety. Accordingly, the Court should give this factor little weight.

## CONCLUSION

Based on the foregoing, Mueller respectfully requests that this Court deny Plaintiff's Motion to Stay Action Pending *Ex Parte* Reexaminations (D.I. 43) and instead grant Mueller's Motion for Judgment on the Pleadings.

Dated: November 18, 2019

                                               */s/ Kenneth L. Dorsney*
                                           Kenneth L. Dorsney (I.D. No. 3726)
                                           MORRIS JAMES, LLP
                                           500 Delaware Ave., Suite 1500
                                           Wilmington, DE 19801-1494
                                           (302) 888-6800
                                           kdorsney@morrisjames.com

                                           Todd E. Jones (admitted *pro hac vice*)
                                           Coby S. Nixon (admitted *pro hac vice*)
                                           Seth K. Trimble (admitted *pro hac vice*)
                                           TAYLOR ENGLISH DUMA, LLP
                                           1600 Parkwood Circle, Suite 400
                                           Atlanta, GA 30339
                                           (770) 434-6868
                                           tjones@taylorenglish.com
                                           cnixon@taylorenglish.com
                                           strimble@taylorenglish.com

                                           *Attorneys for Defendant*
                                           *Mueller Systems LLC*