# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **REIN TECH, INC.,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**MUELLER SYSTEMS, LLC,**<br><br>　　　　**Defendant.** | **No. 1:18-cv-01683-MN**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF REIN TECH, INC.'S REPLY BRIEF SUPPORTING ITS MOTION TO STAY ACTION PENDING EX PARTE REEXAMINATIONS

Dated: November 25, 2019

Peter J. Corcoran, III
Texas Bar No. 24080038
*Pro Hac Vice*
CORCORAN IP LAW PLLC
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

Respectfully Submitted,

*/s/ Timothy Devlin*
Timothy Devlin
Delaware Bar No. 4241
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

*Counsel for Plaintiff*
*REIN TECH, INC.*

# **TABLE OF CONTENTS**

I.   REPLY TO MUELLER'S STATEMENT OF NATURE AND STAGE OF THE
     PROCEEDINGS ........................................................................................................... 1
II.  REPLY TO MUELLER'S ARGUMENT ..................................................................... 6
     A.   Mueller's Alleged Prejudice ............................................................................. 6
     B.   Simplifying Issues For Trial............................................................................ 10
     C.   Status Of Litigation ........................................................................................ 10
III. CONCLUSION ........................................................................................................... 10

# **TABLE OF AUTHORITES**

CASES

*Adrain v. Vigilant Video, Inc.*,
    No. 2:10-CV-173-JRG, 2012 WL 966200 (E.D. Tex. Mar. 21, 2012) ................................8

*Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC*,
    464 F. Supp. 2d 481 (D. Md. 2006) ...................................................................................7

*Arnold v. Garlock, Inc.*,
    278 F.3d 426 (5th Cir. 2001) .............................................................................................8

*ASUSTek Computer Inc. v. Ricoh Co.*,
    No. C0701942 MHP, 2007 WL 4190689 (N.D. Cal. Nov. 21, 2007)................................8

*Belden Technologies Inc. v. Superior Essex Communications LP*,
    Civ. No. 08–63–SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) ....................................9

*Bloom Engineering Co. v. North American Manufacturing Co.*,
    129 F.3d 1247 (Fed. Cir. 1997)........................................................................................10

*Fresenius Kabi USA, LLC v. Fera Pharmaceuticals, LLC*,
    No. CV153654KMMAH, 2017 WL 2213123 (D.N.J. May 19, 2017). .............................7

*Fujitsu Ltd. v. Tellabs Operations, Inc.*,
    No. 08 C 3379, 2012 WL 987272 (N.D. Ill. Mar. 21, 2012)..............................................8

*Gould v. Control Laser Corp.*,
    705 F.2d 1340 (Fed. Cir. 1983)........................................................................................10

*Hockerson-Halberstadt, Inc. v. Avia Group International*,
    222 F.3d 951 (Fed. Cir. 2000)..........................................................................................10

*In re Webvention LLC '294 Patent Litig.*,
    868 F. Supp. 2d 500 (D. Md. 2012) ..................................................................................8

*Inventio AG v. ThyssenKrupp Elevator Americas Corp.*,
    No. 1:08-CV-00874-RGA, 2013 WL 4476477 (D. Del. Jan. 22, 2013),
    *adopted as modified,* No. CV 08-874-RGA,
    2013 WL 4476100 (D. Del. Aug. 15, 2013).......................................................................5

*Kenexa Brassring Inc. v. Taleo Corp.*,
    No. CIV. 07-521-SLR, 2009 WL 393782 (D. Del. Feb. 18, 2009) ..................................10

*Life Techs. Corp. v. Illumina, Inc.*,
  No. CIV.A.09-706-RK, 2010 WL 2348737 (D. Del. Jun. 7, 2010) ...................................... 9

*Lippert Components Manufacturing, Inc. v. AL-KO Kober, LLC*,
  No. 3:13-CV-697-JVB-CAN, 2014 WL 8807329 (N.D. Ind. Jan. 16, 2014) .................... 6, 7

*Mike's Train House, Inc. v. Broadway Ltd. Imports*,
  Civil No. JKB–09–2657, 2011 WL 836673 (D. Md. Mar. 3, 2011) ...................................... 7

*Polymer Techs. v. Bridwell,*
  103 F.3d 970 (Fed. Cir. 1996) ............................................................................................. 7

*TIP Systems, LLC v. SBC Operations, Inc.*,
  No. CIV.A.H-06-0253, 2008 WL 594258 (S.D. Tex. Mar. 4, 2008) .................................... 8

*Xerox Corp. v. Google, Inc.*,
  270 F.R.D. 182 (D. Del. 2010) ......................................................................................... 10

*Zyme Solutions, Inc. v. InfoNow Corp.*,
  No. C 13-04082 WHA, 2013 WL 6699997 (N.D. Cal. Dec. 19, 2013) ............................... 8

OTHER AUTHORITIES

MPEP § 2216 ............................................................................................................................. 2
MPEP § 2217 .................................................................................................................... 2, 3, 5
MPEP § 2258 ............................................................................................................................. 4

RULES

37 C.F.R. § 1.510(b)(2) ............................................................................................................. 4
37 C.F.R. §§ 1.501(a)(1) and (2) ............................................................................................... 4

## I.     REPLY TO MUELLER'S STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS

Defendant Mueller Systems, LLC ("Mueller")'s response brief ("D.I. 50") is riddled with inaccuracies and allegations without citations to relevant evidence as required under D. Del. LR 7.1.3(c)(1)(E). Mueller states without corroboration that "[o]n March 21, 2019, Rein Tech filed a request for certificate of correction to amend one of the claims of the '427 Patent, in response to one of Mueller's non-infringement points." (D.I. 50 at 2 n.4). Attached at Exhibit 1 of the Declaration of Peter J. Corcoran III ("PC Decl.") to this reply brief is a copy of Rein Tech's March 21, 2019, Request for Certificate of Correction in the file history of U.S. Patent No. 8,347,427 ("the '427 Patent") and the U.S. Patent and Trademark Office's ("PTO")'s May 7, 2019, Response approving Rein Tech's request. Nothing in Rein Tech's request or the PTO's response suggests that it was filed "in response to one of Mueller's non-infringement points."

Mueller states that "[t]he examiner inexplicably allowed the 'correction,' even though it was clearly impermissible under 35 U.S.C. § 255." D.I. 50 at 2 n.4. The Patent Examiner that approved the correction is not any ordinary Examiner, he is a GS-15 Supervisory Patent Examiner ("SPE") who supervises an entire Art Unit of Examiners and who undoubtedly has at least a decade's worth of patent examining experience to achieve the GS-15 level and SPE title. (PC Decl. Ex. 1 at 2). Moreover, whether the correction violates section 255, which it does not, is irrelevant for this Court's consideration of Rein Tech's motion for stay.

Mueller further states without proof or citation to any evidence that Rein Tech "materially" amends the specifications and the claims of the '427 Patent and U.S. Patent Nos. 9,297,150 ("the '150 Patent) and 9,749,792 ("the '792 Patent"). (D.I. 50 at 2–4). And Mueller states without citation to any evidence that Rein Tech "attempts to broaden the scope of the patents on reexamination." *Id.* at 6 n.5. These statements are not only wrong, they are also

irrelevant for this Court's consideration of the motion for stay.

Mueller incorrectly states that Rein Tech "expressly admitted that numerous references anticipate or render obvious all requested claims in all three patents based on various prior-art references." (D.I. 50 at 2; *see also id*. at 3–6). Rein Tech raises substantial new questions ("SNQs") of patentability by the prior art references, which is the standard that the PTO uses for deciding whether to grant or deny a reexamination request.

According to the Manual of Patent Examining Procedure ("MPEP") Section 2216,

> Under 35 U.S.C. 304, the Office must determine whether "a substantial new question of patentability" affecting any claim of the patent has been raised. 37 CFR 1.510(b)(1) requires that a request for *ex parte* reexamination include "a statement pointing out each substantial new question of patentability based on prior patents and printed publications." If such a new question is found, an order for *ex parte* reexamination of the patent is issued. It is therefore important that the request clearly set forth in detail what the requester considers the "substantial new question of patentability" to be in view of patents and printed publications cited under the provisions of 35 U.S.C. 302. The request must point out how any questions of patentability raised are substantially different from those raised in the previous examination of the patent before the Office.

MPEP § 2216, at https://www.uspto.gov/web/offices/pac/mpep/s2216.html (last visited Nov. 23, 2019).

MPEP Section 2217 further states,

> The third sentence of 35 U.S.C. 302 indicates that the "request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested." 37 CFR 1.510(b)(2) requires that the request include "[a]n identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited prior art to every claim for which reexamination is requested." If the request is filed by the patent owner, the request for reexamination may also point out how claims distinguish over cited prior art.

MPEP § 2217, at https://www.uspto.gov/web/offices/pac/mpep/s2217.html (last visited Nov. 23,

2019).

A statement raising a SNQ in the *ex parte* reexamination context is not an "admission" as Mueller leads this Court to believe, or the PTO would never grant reexamination requests and simply cancel outright the patents requested for reexamination. Section 2217 explicitly addresses "admissions," which cannot solely be the basis for granting a reexamination and should not be treated by this Court as an admission of invalidity as Mueller argues. Under Section 2217,

> III. ADMISSIONS
>
> The consideration under 35 U.S.C. 303 of a request for *ex parte* reexamination filed under 35 U.S.C. 302 is limited to prior art patents and printed publications. *See Ex parte McGaughey*, 6 USPQ2d 1334, 1337 (Bd. Pat. App. & Inter. 1988). Thus an admission, *per se*, may not be the basis for establishing a substantial new question of patentability. However, an admission by the patent owner of record in the file [of the patent to be reexamined] or in a court record [involving the patent to be reexamined] may be utilized <u>in combination with</u> a patent or printed publication.

*Id*., at https://www.uspto.gov/web/offices/pac/mpep/s2217.html (last visited Nov. 23, 2019) (underlining added).

The only admissions that are relevant in a reexamination request are affirmative statements by the patent owner during prosecution or litigation of the patent to be reexamined regarding the prior that is the subject of the SNQ. Those admissions may be combined with the prior art at issue to raise a SNQ.

MPEP Section 2258 further provides that:

> While such an admission may be utilized in combination with a patent or printed publication, a written statement of the patent owner submitted pursuant to 37 CFR 1.501 and accompanying 37 CFR 1.510(b)(2) explanation (of how each patent owner claim scope statement is being used to determine the proper meaning of patent claim) <u>cannot be considered</u> in making the initial reexamination determination and issuance of the order granting or denying reexamination. See 35 U.S.C. 301(d).

MPEP § 2258, at https://www.uspto.gov/web/offices/pac/mpep/s2258.html#d0e229082 (last visited Nov. 24, 2019) (underlining added).

      37 C.F.R. Sections 1.501(a)(1) and (2) include:

> (1) Prior art consisting of patents or printed publications which the person making the submission believes to have a bearing on the patentability of any claim of the patent; or
> (2) Statements of the patent owner filed by the patent owner in a proceeding before a Federal court or the Office in which the patent owner took a position on the scope of any claim of the patent . . . .

37 C.F.R. §§ 1.501(a)(1) and (2).

      And 37 C.F.R. Section 1.510(b)(2) includes:

> An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited prior art to every claim for which reexamination is requested. For each statement of the patent owner and accompanying information submitted pursuant to § 1.501(a)(2) which is relied upon in the detailed explanation, the request must explain how that statement is being used to determine the proper meaning of a patent claim in connection with the prior art applied to that claim and how each relevant claim is being interpreted. If appropriate, the party requesting reexamination may also point out how claims distinguish over cited prior art.

37 C.F.R. § 1.510(b)(2).

      Rein Tech simply follows the format required by the PTO for raising SNQs and is not "admitting" that the prior art anticipates or makes obvious the patent claims as explained under MPEP Sections 2216, 2217, and 2258 and 37 C.F.R. Sections 1.501(a)(1)(2) and 1.510(b)(2) cited above. MPEP Section 2217 provides examples of appropriate language that should be used in reexamination applications:

> Examples of appropriate language:
> - Claim 1 is unpatentable under 35 U.S.C. 102 as being anticipated by Smith.
> - Claim 1 is unpatentable under 35 U.S.C. 103 as being obvious over Smith.
> - Claim 1 is unpatentable under 35 U.S.C. 103 as being obvious over Charles.

-4-

> - Claim 2 is unpatentable under 35 U.S.C. 103 as being obvious over Smith in view of Jones.
> - Claim 2 is unpatentable under 35 U.S.C. 103 as being obvious over Smith in view of Harvey.
> - Claims 3 - 10 are unpatentable under 35 U.S.C. 103 as being obvious over Smith in view of Jones, and further in view of Cooper.
> - Claims 3 - 10 are unpatentable under 35 U.S.C. 103 as being obvious over Smith in view of Harvey, and further in view of Cooper.

MPEP § 2217, at https://www.uspto.gov/web/offices/pac/mpep/s2217.html (last visited Nov. 23, 2019).

Special Master Hon. Collins J. Seitz, Jr.'s, Report and Recommendation in *Inventio AG v. ThyssenKrupp Elevator Americas Corp.* agrees with Rein Tech's interpretation of the MPEP and the patent laws and rules governing *ex parte* reexamination requests:

> [T]here are two stages to a reexamination: the initial stage in which the USPTO reviews the submitted prior art and determines whether to grant a request for reexamination of a particular patent, *see* 35 U.S.C. §§ 302–03; and the substantive stage where if the USPTO determines that a substantial new question of patentability is raised, the patent is reexamined to determine its validity, *see* 35 U.S.C. §§ 304–05.

No. 1:08-CV-00874-RGA, 2013 WL 4476477, at *15 (D. Del. Jan. 22, 2013), *adopted as modified,* No. CV 08-874-RGA, 2013 WL 4476100 (D. Del. Aug. 15, 2013). Further,

> Consistent with 35 U.S.C. § 302, the MPEP . . . states that "a request for reexamination is limited to prior art patents and printed publications." (MPEP § 2258(I)(F), D.I. 201 at A146). However, the MPEP also allows "admissions of the patent owner" to be used "in combination with a patent or printed publication" to determine whether there is a new question of patentability—the threshold requirement for granting a reexamination request. These "admissions" cannot establish "a substantial new question of patentability" by themselves. Rather, they must be used in connection with a printed publication or patent.

*Id.* Thus, Rein Tech's submission of SNQs using the format that the PTO requires in *ex parte* reexamination requests are not admissions of invalidity as Mueller argues.

Rein Tech finds it interesting that Mueller is complaining that Rein Tech has narrowed the number of patents and claims asserted as infringed in this case, thereby decreasing the amount of resources that are required by the parties and this Court. (D.I. 50 at 6–7). Rein Tech would think that Mueller and this Court would be pleased that Rein Tech has done so. Rein Tech also finds it interesting that Mueller opposes a stay of this case when it has filed *inter partes* review petitions for the '150, '427, and '792 Patents seeking to invalidate the patents.

Regarding admissions, even more interesting is Mueller's actual admission that:

> If this Court ultimately declines to grant Mueller's Motion for Judgment on the Pleadings, then Mueller would be amenable to a stay of this case in the alternative, even though Mueller opposes such a stay in light of its pending Motion for Judgment on the Pleadings. Mueller is also amenable to a temporary stay of the proceedings for the period of time it takes this Court to rule on the pending Motions.

(D.I. 50 at 8 n.7). So Muller really does not oppose a stay? But only after this Court considers its Motion for Judgment on the Pleadings? Mueller approves of a stay, but only on its terms? Mueller is talking out of both sides of its mouth with this admission, which undercuts its argument that this Court should deny Rein Tech's motion for stay.

## II. REPLY TO MUELLER'S ARGUMENT

### A. Mueller's Alleged Prejudice

Mueller relies on numerous cases outside the District of Delaware under Section I on page 9 and in footnote 9 on pages 9–10 of its response brief that have never been cited or relied upon by any District of Delaware case, and the cases are distinguishable from this case. For example, the court in *Lippert Components Manufacturing, Inc. v. AL-KO Kober, LLC,* cited the plaintiff's prejudice in losing market share, in the form of profits and customers, so long as the defendant continued infringing plaintiff's patents as a reason for denying defendant's motion for stay. *See* No. 3:13-CV-697-JVB-CAN, 2014 WL 8807329, at *3 (N.D. Ind. Jan. 16, 2014). And

-6-

the PTO had not yet granted defendant's reexamination request. *Id.*

The court in *Mike's Train House, Inc. v. Broadway Ltd. Imports* denied the defendant's motion for stay because, unlike this case, the parties were "direct competitors," and the court recognized that in such a situation "it may sometimes be impossible to restore a patentee's original market share after years of infringement." Civil No. JKB–09–2657, 2011 WL 836673 at *2 (D. Md. Mar. 3, 2011) (citing *Polymer Techs. v. Bridwell,* 103 F.3d 970, 975–76 (Fed. Cir. 1996)).

A persuasive reason why the court in *Fresenius Kabi USA, LLC v. Fera Pharmaceuticals, LLC*, denied plaintiff's motion for stay was because Defendant Fera's "generic competitors (some of which were co-defendants, until they settled) could gain FDA approval while this case is stayed. Such FDA approval would diminish any competitive advantage Fera (which already has FDA approval) may currently possess." No. CV153654KMMAH, 2017 WL 2213123, at *6 (D.N.J. May 19, 2017). Mueller, who is not in the pharmaceutical business, faces no threat of generic competitors gaining FDA approval while this case is stayed. The *Fresenius* court also stated that a stay pending an *ex parte* reexamination "makes sense: A final PTO determination may invalidate, amend, or narrow the claims at issue, so the benefits of stay are likely to outweigh the costs." *Id.* at *7–8. Fact and expert discovery had also closed. *Id.* at *8.

Mueller contends that the sole remaining independent claim at issue in this case is Claim 8 of the '150 Patent. (D.I. 50 at 7, 8, 12). Unlike the situation in *Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC* involving multiple patents and independent claims, *see, e.g.*, 464 F. Supp. 2d 481, 482–83 (D. Md. 2006), a final rejection of Claim 8 by the PTO would make this entire case moot, thus the likelihood that a motion to stay could conserve time and resources is increased. "[S]implification must be considered more likely in this case, therefore weighing in favor of a stay." *In re Webvention LLC '294 Patent Litig.*, 868 F. Supp. 2d 500, 506 (D. Md.

2012) (finding same when single independent claim at issue).

The court in *Zyme Solutions, Inc. v. InfoNow Corp.* denied plaintiff's motion for stay while it appealed a dismissal of its action on personal jurisdiction grounds in another federal district. No. C 13-04082 WHA, 2013 WL 6699997, at *1 (N.D. Cal. Dec. 19, 2013). The personal jurisdiction issue on appeal was unrelated to the patent infringement and invalidity issues in the district court case. *Id.* at *5.

The court in *Fujitsu Ltd. v. Tellabs Operations, Inc.*, denied plaintiff's motion for stay when trial was just four months away, and the case had been pending for four years. No. 08 C 3379, 2012 WL 987272, at *3 (N.D. Ill. Mar. 21, 2012).

The court in *Adrain v. Vigilant Video, Inc.*, denied plaintiff's motion for stay when the motion was filed after claim construction briefing and discovery had closed, and the case had been pending for two years. No. 2:10-CV-173-JRG, 2012 WL 966200, at *1–2 (E.D. Tex. Mar. 21, 2012).

The court in *TIP Systems, LLC v. SBC Operations, Inc.*, denied plaintiff's motion for stay pending its appeal to the Federal Circuit of infringement judgments favoring a defendant other than the two remaining defendants who were facing different infringement theories, plaintiff had not prosecuted its claims against the two remaining defendants for a year, and the court used different legal factors for evaluating the stay pending appeal. No. CIV.A.H-06-0253, 2008 WL 594258, at *1 (S.D. Tex. Mar. 4, 2008) (citing *Arnold v. Garlock, Inc.,* 278 F.3d 426, 438 (5th Cir. 2001)).

The court in *ASUSTek Computer Inc. v. Ricoh Co.* denied plaintiff's motion for stay pending reexamination using different legal factors than this District uses, and it did not weigh all the factors that this District weighs. No. C0701942 MHP, 2007 WL 4190689, at *2 (N.D. Cal. Nov. 21, 2007).

The court in *Belden Technologies Inc. v. Superior Essex Communications LP* denied defendants motion for stay when the defendant's requests for reexamination were filed seventeen to twenty months after the lawsuit was initiated, and the motion was filed eleven days before trial.  Civ. No. 08–63–SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010).

The court in *Life Techs. Corp. v. Illumina, Inc.*,. denied plaintiff's motion for stay pending *inter partes* reexamination of defendant's four counterclaim patents because, unlike this case, granting the stay would tie defendant's hands while plaintiff continued prosecuting defendant for infringing plaintiff's three patents, the parties were direct competitors in the highly competitive field of DNA-sequencing machines, and defendant had already produced more than a million pages of documents related to its infringement counterclaims.  No. CIV.A.09-706-RK, 2010 WL 2348737, at *3–4 (D. Del. Jun. 7, 2010).  Mueller's citation to *Life Techs.* stating that reexaminations are likely to take "6.5 to 8 years" to reach a final decision is unsupported.  (D.I. 50 at 10); *see Life Techs.*, 2010 WL 2348737, at *2 n.1 (citing PTO *inter partes* reexamination statistics that are far less than the 6.5 to 8 years stated); *cf*. PC Decl. Ex. 2 (providing the latest *ex parte* reexamination statistics dated Sep. 30, 2018).

Mueller claims that granting a stay would leave it in "limbo long beyond when the matter could be resolved via its Motion for Judgment on the Pleadings."  (D.I. 50 at 11).  Mueller's motion is premised on the allegation that Rein Tech has admitted that its patents are invalid when it has not as explained above.

Mueller states that "staying the case would also create potential confusion and complications on the damages issues."  *Id*.  But Mueller admits that all the claims in this case have been amended.  *Id*. at 2–4.  Thus no prejudice or risk to Mueller exists because the PTO will invalidate the claims (simplifying the infringement and invalidity issues in this case), or Mueller will have intervening rights with no liability for infringement before issuance of the

reexamination certificates if the PTO does not invalidate all claims. All damages would apply from the date of the reexamination certificates only.

### B. Simplifying Issues For Trial

"One purpose of the reexamination procedure is to eliminate trial of [an] issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983) (affirming district court order staying proceedings until conclusion of reexamination of patent by PTO as not an abuse of discretion).

Mueller cites no cases for its proposition that "[a]dmissions of invalidity in reexamination petitions are binding in related litigation." (D.I. 50 at 12). Judge Robinson in *Kenexa Brassring Inc. v. Taleo Corp.*, No. CIV. 07-521-SLR, 2009 WL 393782 (D. Del. Feb. 18, 2009); Judge Thynge in *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182 (D. Del. 2010); and the court in *Bloom Engineering Co. v. North American Manufacturing Co.*, 129 F.3d 1247 (Fed. Cir. 1997), did not so hold.

Mueller's citation to *Hockerson-Halberstadt, Inc. v. Avia Group International,* 222 F.3d 951, 957 (Fed. Cir. 2000), is irrelevant. (D.I. 50 at 13). *Hockerson* addressed an inventor's attempt to recapture claim scope that he disavowed in the file history of his patent.

### C. Status Of Litigation

Rein Tech relies on the arguments in its opening brief and its explanation of why it has not "admitted" invalidity of its patents for this factor.

## III. CONCLUSION

For these reasons and those provided in Rein Tech's opening brief, this Court should grant Rein Tech's motion for stay.

-11-

Dated: November 25, 2019

Peter J. Corcoran, III
Texas Bar No. 24080038
*Pro Hac Vice*
CORCORAN IP LAW PLLC
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

Respectfully Submitted,

*/s/ Timothy Devlin*
Timothy Devlin
Delaware Bar No. 4241
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

*Counsel for Plaintiff*
*REIN TECH, INC.*

-12-

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2019, I electronically filed the above document(s) with the Clerk of the Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Timothy Devlin*
Timothy Devlin (#4241)