**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| REIN TECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> MUELLER ~~WATER PRODUCTS, INC.,~~SYSTEMS, LLC, <br><br> Defendant. | C.A. No. ~~_____~~1:18-cv-01683-MN <br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Rein Tech, Inc. ("Rein Tech" or "Plaintiff") files this First Amended Complaint for Patent Infringement against Defendant Mueller ~~Water Products, Inc.~~Systems, LLC ("Mueller" or "Defendant") based on knowledge to itself and information and belief as to the Defendant as follows.

**NATURE OF ACTION**

1. This is an action for infringement under The Patent Act, 35 U.S.C. § 1 *et seq*, of U.S. Patent Nos. ~~U.S. Patent Nos.~~ 8,347,427, titled "Water Use Monitoring Apparatus" (the "'427" Patent~~);~~"); 9,297,150, titled "Water Use Monitoring Apparatus and Water Damage Prevention System" (the "'150 Patent~~);~~"); and 9,749,792, titled "Water Use Monitoring Apparatus" (the "'792 Patent) (collectively the "Patents-in-Suit").

**PARTIES**

2. Rein Tech is a practicing entity and a Wyoming corporation with a principal place of business at 1712 Pioneer Avenue, Suite 5596, Cheyenne, Wyoming 82001.

3. Mueller is a Delaware ~~corporation~~limited liability company with a regular and established place of business at 200 Abernathy Road N.E., Suite 1200, Atlanta, GA 30328. ~~Mueller may be served with process via its registered agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.~~

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial District; and (iii) Defendant regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6. ~~Jurisdiction and venue are~~Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) because ~~the~~ Defendant ~~in incorporated~~is a registered limited liability company in Delaware.

**BACKGROUND AND PATENTS-IN-SUIT**

7. Rein Tech is a start-up company that has been developing a substantial patent portfolio, developing prototypes, and conducting ~~a ten~~ home ~~test~~tests of its intelligent water meter in the San Francisco bay area.

8. In 2009, Rein Tech conceived~~, in 2009,~~ of a water meter with cellular and other wireless technology ~~to communicate~~that monitors and communicates water use ~~monitoring and to detect~~, using confidential technology, and ~~correct~~detects and corrects leak conditions ~~utilizing~~.

using an electronic control valve.  Rein Tech's business includes shower water conservation devices and home and corporate water meters with monitoring and leak detection capabilities.

9. Rein Tech filed a provisional patent application number 61/389,709 with the U.S. Patent and Trademark Office ("USPTO") on October 10, 2010, that disclosed ~~using~~a water meter with a control valve to turn off a water supply ~~upon detecting leak conditions~~remotely, utilizing a cell or smart phone upon detecting leak conditions.  It converted the provisional application into non-provisional patent application no. 13/216,521 on August 24, 2011, which issued as the '427 Patent on January 8, 2013, to Michael Klicpera ~~of La Jolla, CA.~~.  A true and correct copy of the '427 Patent is provided at **Exhibit 1**.

10. Rein Tech further developed its leak detection system with water shut off capability utilizing a cell or smart phone, and on November 26, 2012, filed provisional patent application no. 61/729,653 on November 26, 2012.  It converted the provisional application into non-provisional patent application no. 13/776,963 on February 26, 2013, which issued as the '150 Patent on March 29, 2016, to Michael Edward Klicpera ~~of La Jolla, CA.~~.  A true and correct copy of the '150 Patent is provided at **Exhibit 2**.

11. Rein Tech further developed its intelligent water meter system and tested it in home residences in the San Francisco area and observed and confirmed several claimed features when conducting the tests, including, but not limited to: (1) different water patterns being generated in the data obtained, (2) an optional hub and node configuration extending the wireless range, and (3) pressure sensors detecting and characterizing relatively small leaks as disclosed in provisional patent application no. 62/095,024, filed on December 21, 2014.  The provisional patent application was converted into non-provisional patent application no. 14/596,460 on January 14, 2015, which

issued as the '792 Patent on August 29, 2017, to Michael Klicpera ~~of La Jolla, CA.~~. A true and correct copy of the '792 Patent is provided at **Exhibit 3**.

     12.    On August 2, 2019, Rein Tech filed a petition for *Ex Parte* Reexamination ("EPR") of the '427 Patent, which was granted and ordered as EPR No. 90/014,351 on September 10, 2019.

     13.    On August 2, 2019, Rein Tech filed a petition for EPR of the '150 Patent, which was granted and ordered as EPR No. 90/014,354 on September 10, 2019.

     14.    On August 5, 2019, Rein Tech filed a petition for EPR of the '792 Patent, which was granted and ordered as EPR No. 90/014,355 on September 30, 2019.

     15.    On October 29, 2019, Mueller filed before the Patent and Trial and Appeal Board ("PTAB") a petition for *Inter Partes* Review ("IPR") of claims 1-8, 13-16, and 18-20 of the '427 Patent that was instituted on May 12, 2020, as IPR2020-00099.

     16.    On October 29, 2019, Mueller filed before the PTAB a petition for IPR of claims 8, 12, 15, 17, 20, 21, 23, and 26 of the '150 Patent that was instituted on May 12, 2020, as IPR2020-00098.

     17.    On October 29, 2019, Mueller filed before the PTAB a petition for IPR of claims 1-5, 12, 14, 17, 19, 22, 23 and 27 of the '792 Patent that was instituted on May 12, 2020, as IPR2020-00100.

     18.    On May 14, 2020, the PTAB ordered that the concurrent EPRs of the '427 and '792 Patents be stayed pending the outcome of the IPRs, and it did the same on May 15, 2020, for the '150 Patent.

     19.    On July 31, 2020, Rein Tech requested that adverse judgment be entered for the claims under IPR for the Patents-in-Suit, which the PTAB granted on September 1, 2020, canceled the claims under IPR, and lifted the stays of the EPRs.

20. On October 27, 2021, the USPTO issued an Ex Parte Reexamination Certificate ("EPRC") for the '427 Patent, amending the specification, allowing new claims 21-41, and canceling claims 1-20. A true and correct copy of the EPRC for the '427 Patent is provided at **Exhibit 4**.

21. On November 8, 2021, the USPTO issued (i) an EPRC for the '150 Patent, amending the specification, allowing new claims 29-56, and canceling claims 1-28; and (ii) a Certificate of Correction on August 16, 2022, amending claim 36 with a minor, non-material amendment. A true and correct copy of the EPRC for the '150 Patent is provided at **Exhibit 5**.

22. On January 12, 2022, the USPTO issued (i) an EPRC for the '792 Patent, amending the specification, allowing new claims 35-81, and canceling claims 1-34; (ii) a Certificate of Correction on March 1, 2022, amending portions of the specification; and (iii) a second Certificate of Correction on June 14, 2022, amending additional portions of the specification. A true and correct copy of the EPRC for the '792 Patent is provided at **Exhibit 6**.

23. The EPRCs for the Patents-in-Suit are the operative versions of the patents for the purposes of this patent infringement action.

~~12.~~ 24. Rein Tech is the owner and assignee of all substantial rights, title, and interest in the Patents-in-Suit, including the rights to sue for past and future infringement of the patents.

25. The claims and specifications of the Patents-in-Suit, incorporated by reference herein, recite patent eligible subject matter under 35 U.S.C. § 101 because they recite novel apparatuses and systems that improve water use and monitoring technologies for residential and commercial buildings and recite inventive concepts, particularly a base station having novel communication features for water use and monitoring.

~~13.~~ 26. The Patents-in-Suit are presumed valid under 35 U.S.C. § 282(a).

**ACCUSED PRODUCTS**

~~14.~~27.  Mueller makes, uses (at least through testing), sells, offers for sale, and/or imports its 420 Series Remote Disconnect Meters with remote application ("Accused Products") that directly infringe one or more claims of the Patents-in-Suit ~~("Accused Products").~~, either literally or under the doctrine of equivalents.

~~15.~~28.  Mueller also provides user manuals, instructions, ~~and~~ technical training, and assistance to its customers on how to install and use its Accused Products.

~~16.~~29.  Attached at **Exhibits** ~~4–7~~ **13** are ~~examples~~true and correct copies of publicly available information describing Mueller's Accused Products and their ~~incorporating~~ infringing technology.

**COUNT I**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,347,427 C1**

30.   Plaintiff incorporates by reference each of its foregoing allegations.

~~17.   Plaintiff incorporates by reference each of its foregoing allegations.~~

~~18.~~31.  Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the '427 C1 Patent in this Judicial District and throughout the United States, literally or under the doctrine of equivalents, by making, using (at least by testing), selling, offering for sale, and/or importing their Accused Products as initially shown in **Exhibit** ~~8~~**14**.

~~19.   The claims of the '427 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.~~

20. A person of ordinary skill in the art understands Plaintiff's theory of how Defendants' Accused Products infringe the claims of the '427 Patent upon a plain reading of this Complaint, the '427 Patent, and Exhibit 8.

21. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

22. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Products directly infringe one or more claims of the '427 Patent.

<b>The claims of the '427 C1COUNT II<br>DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,297,150</b>

23.1. Plaintiff incorporates by reference each of its foregoing allegations.

24. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendants directly infringe one or more claims of the '150 Patent in this Judicial District and throughout the United States, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, or importing their Accused Products as shown in Exhibit 9.

25.32. The claims of the '150 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

~~26.~~33. A person of ordinary skill in the art understands Plaintiff's theory of how ~~Defendants'~~Defendant's Accused Products infringe the claims of the ~~'150~~'427 C1 Patent upon a plain reading of this Complaint, the ~~'150~~'427 C1 Patent, and the initial claim chart in **Exhibit ~~9~~14**.

~~27.~~34. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the initial claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's ~~preliminary or final~~formal infringement contentions or ~~preliminary or final~~formal claim construction positions.

~~28.~~35. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known of the '427 C1 Patent and that its Accused Products directly infringe one or more claims of the ~~'150~~'427 C1 Patent.

**COUNT II**
~~COUNT III~~
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,~~749,792~~297,150 C1**

36.    Plaintiff incorporates by reference each of its foregoing allegations.

~~29.1.    Plaintiff incorporates by reference each of its foregoing allegations.~~

~~30.~~37. Without license or authorization and in violation of 35 U.S.C. § 271(a), ~~Defendants~~Defendant directly ~~infringe~~infringes one or more claims of the ~~'792~~'150 C1 Patent in this Judicial District and throughout the United States, literally or under the doctrine of equivalents, by making, using~~,~~ (at least by testing), selling, offering for sale, and/or importing their Accused Products as shown in **Exhibit ~~10~~15**.

-8-

~~31.~~ 38. The claims of the ~~'792~~ '150 C1 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

~~32.~~ A person of ordinary skill in the art understands Plaintiff's theory of how Defendants' Accused Products infringe the claims of the ~~'792~~ '150 C1 Patent upon a plain reading of this Complaint, the ~~'792~~ '150 C1 Patent, and the initial claim chart in **Exhibit** ~~10.~~

~~33. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.~~

~~34. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Products directly infringe one or more claims of the '792 Patent.~~

~~**COUNT IV**~~
~~**INDUCED INFRINGEMENT OF U.S. PATENT NO. 8,347,427**~~

~~35.~~ 1. ~~Plaintiff incorporates by reference each of its foregoing allegations.~~

~~36. Without license or authorization and in violation of 35 U.S.C. § 271(b), Defendant actively induces direct infringement of the '427 Patent.~~

~~37. At least since the filing and service of this Complaint, Defendant has had actual knowledge of the '427 Patent.~~

38. ~~Defendant knowingly and intentionally is inducing direct infringement of the '427 Patent by its customers by providing user manuals, instructions, and technical training and assistance that induce directly infringing uses of the Accused Products as shown in Exhibit 8.~~

39. ~~Defendant's customers' use of the Accused Products in this Judicial District and throughout the United States is a direct infringement in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents.~~

40. ~~The claims of the '427 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.~~

~~41.~~39. ~~A person of ordinary skill in the art understands Plaintiff's theory of how Defendants' Accused Products infringe the claims of the '427 Patent upon a plain reading of this Complaint, the '427 Patent, and Exhibit 8~~15.

~~42.~~40. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's ~~preliminary or final~~formal infringement contentions or ~~preliminary or final~~formal claim construction positions.

43. ~~Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that it is inducing direct infringement of one or more claims of the '427 Patent.~~

~~**COUNT V**~~
~~**INDUCED INFRINGEMENT OF U.S. PATENT NO. 9,297,150**~~

44. ~~Plaintiff incorporates by reference each of its foregoing allegations.~~

45. ~~Without license or authorization and in violation of 35 U.S.C. § 271(b), Defendant actively induces direct infringement of the '150 Patent.~~

46. ~~At least since the filing and service of this Complaint, Defendant has had actual knowledge of the '150 Patent.~~

47. ~~Defendant knowingly and intentionally is inducing direct infringement of the '150 Patent by its customers by providing user manuals, instructions, and technical training and assistance that induce directly infringing uses of the Accused Products as shown in Exhibit 8.~~

48. ~~Defendant's customers' use of the Accused Products in this Judicial District and throughout the United States is a direct infringement in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents.~~

49. ~~The claims of the '150 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.~~

50. ~~A person of ordinary skill in the art understands Plaintiff's theory of how Defendants' Accused Products infringe the claims of the '150 Patent upon a plain reading of this Complaint, the '150 Patent, and Exhibit 9.~~

51. ~~Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.~~

~~52.~~41.  Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known of the '150 C1 Patent and that ~~it is inducing direct infringement of~~its Accused Products directly infringe one or more claims of the '150 C1 Patent.

**COUNT III**
~~**COUNT VI**~~
~~**INDUCED**~~**DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,749,792 C1**

42.    Plaintiff incorporates by reference each of its foregoing allegations.

~~53.    Plaintiff incorporates by reference each of its foregoing allegations.~~

~~54.~~    Without license or authorization and in violation of 35 U.S.C. § 271(~~b~~a), Defendant ~~actively induces direct infringement of the '792 Patent.~~

~~55.    At least since the filing and service of this Complaint, Defendant has had actual knowledge of the '792 Patent.~~

~~56.    Defendant knowingly and intentionally is inducing direct infringement of the '792 Patent by its customers by providing user manuals, instructions, and technical training and assistance that induce~~ directly ~~infringing uses of the Accused Products as shown in Exhibit 8.~~

~~57.~~43.  ~~Defendant's customers' use of the Accused Products~~infringes one or more claims of the '792 C1 Patent in this Judicial District and throughout the United States ~~is a direct infringement in violation of 35 U.S.C. § 271(a),~~, literally or under the doctrine of equivalents, by making, using (at least by testing), selling, offering for sale, or importing their Accused Products as shown in **Exhibit 16**.

~~58.~~44.  The claims of the '792 C1 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

59.45. A person of ordinary skill in the art understands Plaintiff's theory of how ~~Defendants'~~Defendant's Accused Products infringe the claims of the '792 C1 Patent upon a plain reading of this Complaint, the '792 Patent, and the initial claim chart in **Exhibit ~~10~~16**.

60.46. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's ~~preliminary or final~~formal infringement contentions or ~~preliminary or final~~formal claim construction positions.

61.47. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known of the '792 C1 Patent and that ~~it is inducing direct infringement of~~its Accused Products directly infringe one or more claims of the '792 C1 Patent.

**PRAYER FOR RELIEF**

Plaintiff requests the following relief:

A.  Judgment that ~~Defendants have~~Defendant has directly infringed the Patents-in-Suit under 35 U.S.C. § 271(a);

B.  An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.  A preliminary and permanent injunction under 35 U.S. ~~Code~~C. § 283;

D.  An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for ~~Defendants'~~Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

E. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

F. Such further relief at law or in equity that this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(b).

Dated: October 7, 2022          Respectfully Submitted,

                                */s/ Timothy Devlin*

Peter J. Corcoran, III          Timothy Devlin
*Pro Hac Vice*                  Delaware Bar No. 4241
CORCORAN IP LAW PLLC            DEVLIN LAW FIRM LLC
4142 McKnight Road              1526 Gilpin Avenue
Texarkana, TX 75503             Wilmington, DE 19806
Phone: (903) 701-2481           Phone: (302) 449-9010
peter@corcoranip.com            tdevlin@devlinlawfirm.com

                                *Counsel for Plaintiff*
                                *REIN TECH, INC.*