# JACK SHRUM, P.A.

**CITIZENS BANK CENTER**
**919 N. MARKET STREET, SUITE 1410**
**WILMINGTON, DELAWARE 19801**

---

"J" JACKSON SHRUM*       **TELEPHONE:** (302) 543-7551
* ADMITTED IN DELAWARE, PENNSYLVANIA, AND NEW JERSEY      **TELECOPIER:** (302) 543-6386
**E-mail:** jshrum@jshrumlaw.com      **Direct Dial:** (609) 367-2430

May 12, 2025

**VIA CM/ECF**
The Honorable Judge Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19, Room 4324
Wilmington, DE 19801-3555

> **RE: Plaintiff's Letter Outlining Its Position Regarding Request for Leave To Serve Supplemental Final Infringement Contentions**
> **Rein Tech v. Mueller Systems (No. 1:18-cv-016830-MN)**

To The Honorable Judge Maryellen Noreika,

Pursuant to this Court's Order dated May 9, 2025, the Plaintiff Rein Tech ("Rein Tech") hereby sets forth its position regarding request for leave to serve supplemental final infringement contentions. Both this Court and the Defendant allowed stays, as designated in the Joint Status Reports dated May 29, 2024, June 28, 2024, and July 26, 2024, which included provision for the Certificate of Correction for the '837 Patent to proceed before the USPTO. On October 15, 2024, Rein Tech received USPTO approval and initial publication of the '837 Certificate of Correction. This initial Certificate of Correction was printed in an unconventional font and difficult-to-read format. *See* Exhibit A. Rein Tech contacted a USPTO representative who assured that this initial Certificate of Correction would be reprinted in final form with a clear, readable font/format. The USPTO representative further advised Rein Tech to review that document, when available, to ensure no errors were introduced. A copy of the initial Certificate of Correction was available to

the public and was provided as an exhibit in Mr. Klicpera's expert witness report to the Defendant. On March 15, 2025, Rein Tech received an email notification from the USPTO indicating publication of the final Certificate of Correction. *See* Exhibit B. The USPTO published the final Certification of Correction on March 15, 2025. See Exhibit C. Thus, in the USPTO file history, the final Certificate of Correction, March 15, 2025, replaced the initial Certificate of Correction, October 15, 2024.

Rein Tech reviewed the final Certificate of Correction, carefully updated the '837 Claim Chart to incorporate the corrections of the '837 Certificate of Correction, and promptly provided the updated '837 Claim Chart to Defendant Mueller Systems on April 2, 2025.

## **LEGAL ANALYSIS**

The Certificate of Correction for the 11,549,837 ('837) Patent was reviewed both by the USPTO Examiner and Supervisor who followed USPTO procedures and was approved by the Director of the USPTO on October 15, 2024. The '837 Certificate of Correction presents the current, approved '837 Patent claim language as established and recognized by the USPTO and in accordance with 35 U.S. Code § 255. All corrections in the '837 Certificate of Corrections met the criteria and statutory requirements of MPEP § 1481. The corrections were of a clerical nature, of a typographical nature, or a mistake of minor character. No new matter was introduced and no broadening of the scope of the claims was made by the Certificate of Correction. The Applicant exercised good faith throughout in prosecuting the Certificate of Correction.

In addition, MPEP § 1485 provides procedural guidance per USPTO policy, including the example:

Patent is hereby corrected as shown below:

… Column 10, line 29, cancel the text beginning with "12. A sensor device" to and ending "active strips." in column 11, line 10, and insert the following claim:
12. A control circuit of the character set forth in claim 4 and for an automobile having a convertible top, and including; means for moving the top between a raised and lowered retracted position; and control means responsive to a sensor

relay for energizing the top moving means for moving said top from a retracted position to a raised position.

In *Eagle Iron Works v. Mclanahan Corp.*, 429 F.2d 1375 (3d Cir. 1970), 166 U.S.P.Q. (BNA) 225, 1970 U.S. App. LEXIS 8241, the Court concluded that the Certificate of Correction was issued pursuant to 35 U.S.C. § 255 as the guiding law: "… Such patent, together with the certificate, shall have the same effect and operation in law on the trial of actions for causes thereafter arising as if the same had been originally issued in such corrected form."

 "The statute permits a minor error, when made in good faith, to be corrected. In effect, the correction is given retroactive application in order that intervening rights may not be alleged."

In *Microsoft Corp. v. i4i Limited Partnership*, 564 U.S. 91 (2011), the Court held that the burden of invalidity of a patent (or its Certification of Correction) is on the party asserting such invalidity (i.e., Defendant Mueller) to prove with clear and convincing evidence to overcome the presumption of validity.

## **CONCLUSION**

Since the current, approved claim language of the '837 Patent is presented in the '837 Certificate of Correction, a Supplemental Final Infringement Contention is necessary. The claim language as reflected in the validly issued '837 Certificate of Correction will be used for the Markman hearing and presented to the Jury. Use of the current, valid claim language is imperative to avoid confusion by the Jury and prejudice against the Plaintiff.

Therefore, this Court should allow the Plaintiff to submit the Supplemental Final Infringement Contentions.

    Respectfully submitted,

*/s/ Jack Shrum*
"J" Jackson Shrum (DE Bar # 4757)

Cc:    Kenneth L. Dorsney (via electronic mail)
        Cortlan S. Hitch (via electronic mail)