# JACK SHRUM, P.A.

**CITIZENS BANK CENTER**
**919 N. MARKET STREET, SUITE 1410**
**WILMINGTON, DELAWARE 19801**

**"J" JACKSON SHRUM\***                                                  **TELEPHONE: (302) 543-7551**
**\* ADMITTED IN DELAWARE, PENNSYLVANIA, AND NEW JERSEY**      **TELECOPIER: (302) 543-6386**
**E-mail:** jshrum@jshrumlaw.com                                 **Direct Dial: (609) 367-2430**

May 15, 2025

**VIA CM/ECF**
The Honorable Judge Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19, Room 4324
Wilmington, DE 19801-3555

      **RE:** *Plaintiff's Rebuttal to Defendant's Letter to the Court in Support of Defendant's Motion for Sanctions Due to Plaintiff's Alleged Violations of the Protective Order*
      **Rein Tech v. Mueller Systems (No. 1:18-cv-01683-MN)**

### I.  Plaintiff Did Not Violate the Protection Order

Michael Klicpera had no notice of, never received, and never signed the Protection Order that Defendant is relying upon in its Motion for Sanctions. Mr. Klicpera's learned of the Protective Order from an email by Defendant's attorney on April 11, 2025 and first viewed the Protective Order on May 1, 2025. The Delaware attorney that signed the Protection Order was never contracted directly by Rein Tech, and Rein Tech terminated its contract with its previous counsel, who did not sign the Protective Order. Mr. Klicpera was never asked about nor requested to sign a document associated with the Protection Order. Strict notice and service requirements must be followed when filing a motion for a protective order. *Federal Rules of Civil Procedure Rule 5 - Serving and Filing Pleadings and Other Papers* makes it clear that "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served."

### II.  Inadvertent Possession of a Single AEO-marked Document: Mueller's Response to Interrogatories

Mr. Klicpera believes a paper copy of Mueller's Response to Interrogatories was inadvertently acquired during a meeting with Rein Tech's previous counsel in Nevada. This document was never discussed and was unseen by Mr. Klicpera until, when preparing the exhibits for his layman's affidavit and expert witness report in February 2025, he noticed the paper copy in his files, missed the AEO

1

designation, and converted it to PDF for exhibit. Thus, Mueller's Response to Interrogatories, which was accidentally obtained and not noticed to be marked AEO, was included as an exhibit to support facts reported by Rein Tech's previous counsel of Mueller's vague and lacking response to interrogatories during discovery *See* Exhibit A.

Mueller's Response to Interrogatories discloses no technology-related information that was not already known or developed by Plaintiff. Plaintiff's Interrogatories to Defendant asked about Mueller's already-known and not novel technology and sought information about sites and numbers of water meters at each site. *See* Exhibit B. Mueller's response was deficient in twenty-five documented failures to the requested information as explained by Plaintiff's previous counsel in a letter to Defendant's attorney Exhibit A. As documented in the previous counsel's email of September 10, 2023 Defendant's attorneys never replied to this letter of deficiencies. *See* Exhibit C.

### III. No AEO Material was Transferred to Plaintiff from Previous Counsel

Defendant's attorney wrongly asserts that Mr. Klicpera had possession of or was given access to multiple Mueller AEO documents. But AEO material was never transferred to Mr. Klicpera. When Rein Tech's previous counsel was terminated in December 2023, the previous counsel immediately removed all documents from the file hosting service shared with Plaintiff, and this shared folder never contained AEO materials.

### IV. False Accusations that Klicpera Accessed and Used Mueller's AEO Materials

Defendant further incorrectly asserts violations of the Protection Order by assuming access and use of AEO material. These assertions and assumptions are untrue. Plaintiff's Layman's Affidavit, Rebuttal Expert Report, and Reply Expert Report (Defendant's Letter Exhibits J, K, and L, respectively) concerned Mueller's failure to comply with Discovery and contained a summary of the exhibited Mueller's Response to Interrogatories, which did not disclose unknown or novel technology. A picture downloaded from Mueller's website was also included (Defendant's Letter, Exhibit L). In Plaintiff's Supplemental Final Infringement Report (Defendant's Letter, Exhibit M), this claim chart (April 2, 2025) was based on and included pictures from the previous version (March 24, 2023), which was not marked AEO. *See* Exhibit E. The April 2, 2025 claim chart simply incorporates corrections in accordance with the '837 Patent Certificate of Correction. Defendant presents two copies of the single AEO document, Mueller Response to Interrogatories (Defendant's Letter, Exhibits N and O), which was inadvertently exhibited as discussed herein. The series of pages described in Defendant's Letter (Defendant's Letter, Exhibit P) was never seen or accessed by Mr. Klicpera, and Klicpera was never informed by Plaintiff's previous counsel of any AEO material that was allegedly disclosed in the previous version of the claim chart. Rein Tech's '454 Patent (Defendant's Letter, Exhibit Q) was conceived, drafted, submitted, and prosecuted without view or access to any AEO material. Further its filing date of November 6, 2022 precedes the alleged AEO violations. Defendant also wrongly accuses Rein Tech of violating the Patent

Prosecution Bar and alleges that the prosecution of the '837 Patent Certificate of Correction constitutes a violation. The Certificate of Correction was completed and approved without view or access to any AEO material. Despite misrepresentation by the Defendant, the Certification of Correction was processed, reviewed and approved following USPTO rules. The corrections met USPTO criteria and statutory requirements.

**V.     Plaintiff Requests the Court to Modify the Protection Order**

The Third Circuit has made clear that the "party seeking to modify the order of confidentiality must come forward with a reason to modify the order." *Pany v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994). Plaintiff requests the Court to consider modification of the Protection Order because Defendant has completely misrepresented its numbers of water meter sold and installation sites. In response to Plaintiff's interrogatory in Document Request No. 2 for "quarterly, and annual gross and net sales in U.S. dollars and quantities sold in and from the United States for the accused products from October 27, 2021 to present", the Defendant's attorney assured beyond reasonable belief, "is $0 for all requested categories" as shown in his July 31, 2023 email (Exhibit F), after Mueller had stated that they had LoRaWAN and Cellular Node installations. Exhibit A. Plaintiff's research attorney found in public records that at least five significant water meter sites were not disclosed by Defendant: Newport Beach, CA, Calaveras County, CA, Pace Utilities in Santa Rosa, FL, Daytona, FL. and West Slopes, OR. A Newport Beach contract, signed by executives from Mueller Systems, LLC in May 2023, concerns Mueller's water meter sales and installation responsibilities with payment to Mueller of eight million one hundred fifty thousand dollars ($8,150,000). *See* Exhibit G.

**VI.    The Request for Sanctions Should be Denied**

As discussed above, Mueller provides no evidence that anyone misused, much less specifically intended to misuse, Mueller's "competitive information." The Protective Order was not violated. Mueller's Response for Interrogatories was a series of evasive, non-responses that included no technological information that would be novel or of benefit to Rein Tech. Mr. Klicpera has had no access to other AEO material. He could not view and respond to a Defendant's rebuttal to his own expert witness report that was designated AEO.

The Request for Sanctions is a blatant attempt to thwart Mr. Klicpera from pursuing any patent in the field of water meters and disallow Rein Tech from prosecuting and defending its patent ownership.

Respectfully submitted,

*/s/ Jack Shrum*
"J" Jackson Shrum (DE Bar # 4757)