Exhibit A

Rein Tech's Previous Counsel's Letter Concerning Defendant Mueller
Misrepresentation in Discovery Procedures

Peter J. Corcoran, III, Esq., M.S., LL.M.
CORCORAN IP LAW PLLC
4142 McKnight Road
Texarkana, Texas 75503
(903) 701-2481
peter@corcoranip.com
www.corcoranip.com



September 14, 2023

Bryan N. DeMatteo
Taylor English Duma LLP
201 North Illinois Street
16th Floor, South Tower,
Indianapolis, IN 46204

Re: *Rein Tech, Inc. v. Mueller Systems, LLC*, No. 1:18-cv-01683-MN (D. Del.)
    Mueller's Deficient Discovery Responses

Dear Bryan:

In addition to my email that I sent you on September 10, 2023, to which you have not responded, I have found the following additional deficiencies in Mueller's discovery responses that Mueller is requested to supplement.

1.    Rein Tech served its requests for production 1-5 on Mueller on May 30, 2023, and its interrogatories 1-25 on June 1, 2023.

2.    Meuller responded to the requests for production on June 29, 2023, and the interrogatories on July 3, 2023.

3.    Ten weeks later and one month from the close of fact discovery, Mueller has not updated any of its responses Rein Tech's interrogatories 1-25 or requests for production 1-5 despite Mueller's statements in response to each interrogatory and request for production that Mueller's investigation is incomplete and ongoing, and that Mueller will supplement its responses.

4.    Mueller has not provided the identit(y/ies) and signature(s) of the person(s) who provided the answers to Rein Tech's interrogatories as required under Rule 33(b)(5).

5.    Mueller does not provide the amount of the annual fee based on the number of installed nodes in response to interrogatory no. 3 when the interrogatory asks for a description of those costs and fees.

6.    Mueller does not provide the identity of any brochures, datasheets, articles, press releases, flyers, or any relevant marketing documents under Rule 33(d) or in response to interrogatory no. 12.

7.     Mueller does not provide the identity of any insight report from Bluefield Research or any other studies of the technology and features of the accused products in comparison to the technology and features offered by its competitors under Rule 33(d) or in response to interrogatory no. 13.

8.     Mueller does not provide the identity of any insight report from Bluefield Research containing evaluations and analyses of technology and features offered by Mueller's competitors or any other market assessments of the accused products, including market summaries, reviews, analyses, evaluations, studies, and comments including but not limited to market projections and market projection models, projected market penetration and market share studies, market surveys, focus group studies, customer satisfaction surveys, and competitive position analyses under Rule 33(d) or in response to interrogatory no. 14.

9.     Mueller does not provide the identity of any insight report from Bluefield Research containing evaluations and analyses of technology and features offered by Mueller's competitors or any other strategic plans and business plans for the accused products for competing against its competitors, including any identification, review, analysis, evaluation, assessment, study, and summary regarding its competitors' technologies that compete with the accused products under Rule 33(d) or in response to interrogatory no. 15.

10.     Mueller has utterly failed to describe its actual, forecasted, planned, and budgeted gross and net sales, gross and net profits, gross and net profit margins, and gross and net revenues for the accused products and all products and services that have been marketed, offered, and sold in connection with the accused products in and from the U.S. since October 27, 2021 under Rule 33(d) or in response to interrogatory no. 16.

11.     Mueller has failed to describe how it prices the accused products and the individual products, technologies, and services that it offers in connection with the accused products, including any strategic analyses prepared in connection with setting the prices of the accused products and the perceived value of the individual products, technologies, and services offered in connection with the accused products under Rule 33(d) or in response to interrogatory no. 17.

12.     Mueller has failed to describe all costs incurred for the accused products that are accounted for when pricing the accused products and forecasting profits, revenues, and sales of the accused products under Rule 33(d) or in response to interrogatory no. 18.

13.     Mueller has failed to describe its historical market share, sales volume, pricing, revenues, costs, profits, profit margins, and cash flows relating to the accused products in the U.S. since October 27, 2021, including any studies and analyses used to determine its historical market share, sales volume pricing, revenues, costs, profits, profit margins, and cash flows relating to the accused products in the U.S. since October 27, 2021 under Rule 33(d) or in response to interrogatory no. 19.

14.     Mueller has failed to describe the market demand and the factors that affect market demand for the accused products and the products and services that are marketed, offered, and sold with the accused products, including all reports and studies used to determine market demand and the factors that affect market demand for the accused products under Rule 33(d) or in response to interrogatory no. 20.

15.     Mueller has failed to describe its available or potentially available non-infringing alternative technologies, including the costs and development time for the available or potentially available non-infringing alternative technologies in response to interrogatory no. 21. You respond that you cannot answer this interrogatory because the Court has not issued its claim construction order. This response is transparently evasive. You can answer based on your understanding of the claim language, just as you can serve your invalidity contentions and Rein Tech can serve its infringement contentions without knowing the Court's construction of any terms—most of which the parties agree upon. Moreover, Mueller identifies its own and competitor AMR systems as available or potentially available non-infringing alternative technologies without specifically identifying which of its own and competitor AMR systems to which it refers.

16.     Mueller has failed to describe the acceptability by the public for its available or potentially available non-infringing alternative technologies, including any evaluation, studies, testing, and analysis relied upon for determining the acceptability by the public for its available or potentially available non-infringing alternative technologies in response to interrogatory no. 22. You respond that you cannot answer this interrogatory because the Court has not issued its claim construction order. This response is transparently evasive. You can answer based on your understanding of the claim language, just as you can serve your invalidity contentions and Rein Tech can serve its infringement contentions without knowing the Court's construction of any terms—most of which the parties agree upon. Moreover, Mueller identifies its own and competitor AMR systems as successfully serving customers throughout the United States without specifically identifying which of its own and competitor AMR systems to which it refers.

17.     Mueller has failed to describe all known comparable license agreements to the claims of the Patents-in-Suit and explain or demonstrate how they are comparable to the claims of the Patents-in-Suit in response to interrogatory no. 25. You respond that you cannot answer this interrogatory because the Court has not issued its claim construction order. This response is transparently evasive. You can answer based on your understanding of the claim language, just as you can serve your invalidity contentions and Rein Tech can serve its infringement contentions without knowing the Court's construction of any terms—most of which the parties agree upon.

18.     In your responses to the requests for production, you state that Mueller has various documents in its possession, custody, or control that are subject to third-party confidentiality restrictions. If any documents are withheld from production on the basis of third-party confidentiality restrictions, Mueller will identify the third party, begin discussions with the third

party regarding disclosure of the documents, and advise Rein Tech of its efforts relating to same. You have not identified the third parties, you have not advised Rein Tech of your efforts, and you have not identified documents that are withheld from production on the basis of third-party confidentiality restrictions.

19.     Rein Tech's request for production no. 1 requests all technical documents related to the accused products identified in Plaintiff's infringement contentions sufficient to show how the accused products are designed and operate, including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.    Mueller has not supplemented its response to indicate if it has produced any of the requested documents.

20.     Request for production no. 2 requests all quarterly and annual gross and net sales in U.S. dollars and quantities sold in and from the United States for the accused products from October 27, 2021, to present.  You stated in a July 31, 2023, email that Mueller's sales of the accused products is $0 because "none of Mueller's LoRaWAN and Cellular Node installations to date involve combinations with 420 RDMs."  This response is nonsensical in view of Mueller's responses to interrogatories 4, 5, 7, and 8 in which Mueller explains exactly how the 420 RDMs operate with LoRaWAN and Cellular Nodes.  You further have refused to date to provide the name and signature of the person at Mueller who provides this answer.

21.     Request for production no. 3 requests all documents and communications relied upon to answer Plaintiff's interrogatories.  Mueller has not supplemented its responses to the interrogatories or this request for production to indicate if it has produced any of the requested documents.

22.     Request for production no. 4 requests all patent or intellectual property license agreements related to the accused products.  Mueller has not supplemented its response to this request for production to indicate if it has produced any of the requested documents.

23.     Request for production no. 5 requests all patent or intellectual property license agreements comparable to the technologies claimed in the patents-in-suit. Mueller objects to this request because it is allegedly vague and ambiguous in that it is not understood how an agreement is "comparable to the technologies claimed in the patents-in-suit." Mueller further objects to this request because it allegedly seeks information that calls for a legal conclusion and that what is claimed in the patents-in-suit is a question of law.  Like your objections that documents cannot be produced because the Court has not issued its claim construction order, this response is transparently evasive.  You can answer based on your understanding of the claim language, just as you can serve your invalidity contentions and Rein Tech can serve its infringement contentions without knowing the Court's construction of any terms—most of which the parties agree upon. You further object to this request because it is allegedly duplicative of request no. 4.  It is not. Request no. 4 focuses on patent or intellectual property license agreements related to the **accused**

**products**, while request no. 5 focuses more generally on any patent or intellectual property license agreements comparable to the **technologies claimed in the patents-in-suit**.

24.    Rein Tech expressly reserves the right to challenge Mueller's responses to other interrogatories and requests for production not addressed herein and to assert other deficiencies in Mueller's responses

25.    Please let us know no later than September 15, 2023, whether Mueller will agree to supplement its responses to Rein Tech's interrogatories and requests for production by September 22, 2023.  If Mueller does not agree to supplement its responses by September 22, 2023, please provide a date and time for the parties to meet and confer.

Sincerely,

Peter J. Corcoran III