IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

REIN TECH, INC.,

    Plaintiff,

    v.

MUELLER SYSTEMS, LLC,

    Defendant.

Case No. 1:18-cv-01683-MN

**PLAINTIFF REIN TECH, INC.'S RESPONSE TO DEFENDANT MUELLER SYSTEMS, LLC'S APPLICATION FOR ATTORNEYS' FEES AND COST INCURRED IN CONNECTION WITH ITS MOTION FOR SANCTIONS AND PROPOSED ORDER**

Comes now, the Plaintiff Rein Tech, Inc. which files this Response in Opposition to the Proposed Form of Order in *Defendant Mueller System, LLC's Application for Attorney Fees in Connection with Its Motion for Sanctions* [D.I. 200], and hereby avers as follows:

**1.**     **The Court should not use the Order for Application for Attorney's Fees and Costs in Connection with its Motion for Sanctions that was proffered and written by the Defendant.**

    A.     The proposed order has an unclear and almost immediate payment term.

The proposed payment duration is within five business days by wire transfer. Customary business practices expectation is that a payment transfer occurs within 30 to 60 days. And here, there is no statement noting when the payment period begins. It might begin after Plaintiff's receipt of bank wiring information from the Defendant or not.

    B.     The proposed amount of attorney fees is in dispute as noted below.

**2. The costs furnished by the Defendant are insufficiently documented.**

A.        Copies of receipts for plane fare and hotel costs need to be furnished to the Court and the Plaintiff.  There was no documentation made for the expensive costs of plane fare and presumably one night hotel cost.

B.        The costs incurred for attorney travel should not be made at typical market rates for the legal work done by an intellectual property litigation defense attorney. There is no legal acumen used in the act of travel.  The attorney hourly fees for travel are not reflective of the work involved and are significantly higher than reasonable. The attorney fees for travel should be reduced.

C.        Defendant's attorney, Cory Mull, charged his full attorney rate ($330 per hour) for his travel time to, and travel from Delaware (July 9 -10, 2025), when travel time should not be equivalent to legal services.

D.        Cory Mull's attendance at the hearing, including the prepared hearing, and two-day travel expenses appear exorbitant at $8,024.87, which included $985.97 for airfare between Atlanta and Delaware and $570.90 for a one-night hotel stay.

**3.        Defendant is requesting attorney fees for unproductive tasks.**

A.        Defendant unreasonably inflated the issued and performed cost-inducing, unproductive tasks. Rather than first communicating with Rein Tech about concerns about the AEO material as required by the Protective Order, Defendant moved the Court for sanctions and later disregarded Plaintiff's feedback regarding any designated material issues.  Defendant did not raise the question of violation or potential violation of the Plaintiff's principal to be in possession of AEO material with Rein Tech and did not attempt to resolve the matter by agreement as required by the Protective Order. [D.I. 32, paragraph 24].

2

B.      The convoluted, excessive meta-analysis of PDF files by Defendant's attorneys was inefficient and unproductive.  The Plaintiff informed Defendant's counsel that the meta-analysis was incomprehensible.  Had the Defendant simply communicated with Plaintiff, as required by the Protective Order [D.I. 32, paragraph 24], Plaintiff would have certainly done its best to proactively address questions and provide further information as needed.

On July 11, 2025, after Michael Klicpera recognized the inadvertent AEO documentation, Cory Mull billed an additional $1,419 for meta data search activity. This was unnecessary without asking Michael Klicpera for further assistance.

**4.  Mueller has requested some attorney fees that are excessive.**

A.      Both attorneys Cory Mull and Coby Nixon appear to have charged for their preparations for the August 1, 2025 hearing, of which neither attended in person.  Only Defendant's Delaware attorney attended this hearing in person.  The cost of preparations by Cory Mull and Coby Nixon, from July 24, 2025 to August 1, 2-25, total between $12,126.00 and $13,842.00.

B.      Attorney Cory Mull is listed on April 28, 2025 for a meet and confer with Rein Tech Attorney Jack Shrum for 3.2 hours.  However, per his invoice, Mr. Shrum had only a 0.5 hour zoom meeting with Coby Nixon.

**5.      The subject AEO-marked materials concern topics that are already publicly disclosed, commonly known information, and established technology.**

The fact that the contents of the documents appeared not to be sensitive business information demonstrates why the AEO marking went unnoticed by Plaintiff's previous attorney.  "AEO" is the most restrictive protective order designation developed in the American litigation system.  Because the AEO designation provides cumbersome restraints on the use of such

3

information, litigants should use AEO designation only where the information is highly sensitive and revelation to the adverse party poses a significant threat of harm to the client.[1]

**6.      Issues regarding the Protective Order**

Mr. Klicpera had not seen or signed the Protective Order.  As disclosed to the Court, the Plaintiff's prior attorney never informed Mr. Klicpera of the Protective Order nor requested any Rein Tech representative to sign an acknowledgement of the Protective Order as mandated [D.I. 32, paragraph 19].  The Plaintiff's previous attorney is responsible for the inadvertent receipt of the documents considered AEO by Plaintiff's representative.

Defendant moved the Court for sanctions, thereby bypassing the requirement of approaching and attempting to resolve the matter by agreement with Rein Tech per the Protective Order [D.I. 32, paragraph 24].

The AEO designated materials were destroyed by the Plaintiff and no other AEO documents were received or reviewed.  No AEO marked documents had been made public by the Plaintiff or had been sent to any party other than Mueller.

Wherefore, for the foregoing reasons, the Plaintiff respectfully requests that the proposed attorney fees should be rejected, or reduced and undocumented costs be deleted (unless backed up by receipts) before the order granting attorney fees is drawn.  The order should contain a payment term of thirty to sixty days beginning at the date of the order.

---

[1] *Global Material Techs., Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015) ("The AEO designation should "only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures.").

Dated: October 24, 2025

<div style="margin-left:50%">

**JACK SHRUM, P.A.**

*/s/ Jack Shrum*
"J" Jackson Shrum
919 N. Market Street, Suite 1410
Wilmington, DE 19801
(302) 543-7551
jshrum@jshrumlaw.com

*Attorney for Plaintiff Rein Tech*

</div>