# JACK SHRUM, P.A.

**CITIZENS BANK CENTER**
**919 N. MARKET STREET, SUITE 1410**
**WILMINGTON, DELAWARE 19801**

"J" JACKSON SHRUM*  　　　　　　　　　　　　　　TELEPHONE: (302) 543-7551
* ADMITTED IN DELAWARE, PENNSYLVANIA, AND NEW JERSEY　　TELECOPIER: (302) 543-6386
**E-mail:** jshrum@jshrumlaw.com　　　　　　　　　　**Direct Dial: **(609) 367-2430

November 3, 2025

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| Cortlan S. Hitch (#6720) | Kenneth L. Dorsney (#3726) |
| Morris James LLP | Morris James LLP |
| 500 Delaware Ave., Ste. 1500 | 500 Delaware Ave., Ste. 1500 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| 302-888-6988 | 302-888-6855 |
| Fax: 302-571-1750 | Fax: 302-571-1750 |
| Email: chitch@morrisjames.com | Email: kdorsney@morrisajames.com |

　　　　RE:　*Rein Tech, Inc. v. Mueller Systems, LLC*, Case No. 1:18-cv-01683-MN
　　　　　　　*Response to Defendant Mueller's Motion for Involuntary Dismissal*

Dear Judge Noreika,

　　　Plaintiff Rein Tech, Inc. ("Rein Tech") submits this response to Defendant Mueller's Letter Motion for Involuntary Dismissal with Prejudice due to Plaintiff's Continued Violation of the Protective Order and Willful Violation of the Court's Sanctions Order signed by Defendant's counsel, Mr. Dorsney [D.I. 21]. Overall, Defendant's Motion alleges incorrect assertions based on incorrect facts and assumptions. Based on this response, detailed below, Plaintiff respectfully requests the Court to reject Defendant's Motion. In summary, there was no continued or willful violation of the Protective Order or of the August 1, 2025 Court Order granting Mueller's Motion for Sanctions.

1

**A. Muller's Unreasonable Efforts to Confer Prior to Motion**

Mueller's counsel has not made reasonable efforts to confer with any understanding of the facts and to reach agreement with Rein Tech's counsel.  On October 27, 2025, the 17/981,454 ('454) patent application Request for Continued Examination (RCE) response was submitted to the USPTO.  On the evening of October 28, 2025, Mr. Klicpera learned of Defendant attorney's email to Plaintiff's counsel stating that Rein Tech must immediately voluntarily dismiss the lawsuit with prejudice or else a motion would be submitted for involuntary dismissal with added requests.  On the morning of October 29, 2025, Mr. Klicpera emailed his attorney and pointed out that another party worked on the '454 patent application RCE and response.  Mr. Klicpera did not prosecute this amendment with a request for continued examination.  There was no reasonable time to provide information and make a decision since Defendant immediately rushed to file its motion on the morning of October 30, 2025.

Furthermore, Defendant's motion contains assertions and matters that were never brought forward or discussed with Plaintiff's counsel in advance of submission to the Court.  In addition, Defendant's motion is not an "emergency" motion.  Defendant could have completed the negotiation in accordance with Delaware Local Rule 16.3(d)(3), which could have promptly been accomplished as expected by November 3, 2025, instead of hastily filing its irrational motion. Instead, the Defendant neglected to perform the meet and confer practice in good faith, failing to follow the local rules of the Federal District Court of Delaware.

**B. Rein Tech Did Not Perform Continued Violation of the Patent Prosecution Bar**

**1. Mr. Klicpera Did Not Prosecute the '454 Patent Application RCE and Response**

Defendant's attorney's assertion that Mr. Klicpera prosecuted the '454 patent application RCE and response is false.  Another party performed this work activity independently and

2

provided the final work product that was submitted on the deadline due date of October 27, 2025. It was necessary to meet this deadline to avoid abandonment of the '454 patent application.

Mr. Klicpera underwent total knee replacement surgery two months prior, in August 2025, and is in the acute phase of a long-term recovery, which is typical after this type of procedure. He cannot sit at the computer for long durations of screen time. In addition, he is busy with other important work, including preparing for this trial.

Mr. Klicpera is the inventor of the '454 patent invention. The '454 patent application was initially filed in 2022 and listed Mr. Klicpera as the only inventor. Changing the inventor is not appropriate or possible in this situation whereby Mr. Klicpera is the sole inventor. Therefore, Mr. Klicpera's name remains on the '454 patent application. Mr. Klicpera has complied with the patent prosecution bar. The '454 patent also is not at issue in this case.

**2. Mr. Klicpera is the Only Individual who Viewed (Briefly and Inadvertently) the Mueller-Designated AEO Material**

It should be known to all attorneys in this case that Mr. Klicpera is the only individual who viewed (briefly and inadvertently) the Mueller-designated AEO materials. So, Mr. Klicpera is the only person that inadvertently and briefly participated in some aspects of copying, moving, reviewing, or managing the Mueller-designated AEO material. Mr. Dorsney should know that his assertion that Mr. Klicpera gave AEO-material access to his wife and the Research Attorney is false. Both Mr. Klicpera's wife and the Research Attorney hired by Rein Tech never had any exposure to the Mueller-designate AEO material. Thus, these two individuals never performed any copying, moving, reviewing, or managing of the Mueller-designated AEO material. And their previous certifications [D.I. 198] submitted to the Court support the fact that they never

obtained, received, had access to, or otherwise learned, in whole or in part, of the Defendant's AEO material.

The Mueller-designated AEO materials, which Mr. Klicpera inadvertently found and attached as exhibits in responses only to Defendant Mueller in late March 2025, were never seen by other individuals. These were destroyed by Mr. Klicpera once he learned that these materials were designated AEO and in accordance with the August 1, 2025 Court Order. It is apparent that the AEO markings had also not been noticed by attorneys representing the Plaintiff.

### 3. The '454 Patent Application Proposed Changes are Non-Substantive

Defendant's attorney has made a unilateral assessment that the proposed changes to the claims and specification of the '454 patent application RCE and response are substantive and indicated that the number of pages with changes as the basis for his judgement. However, the proposed changes are non-substantive, and it is common to have numerous changes in patent prosecution. The '454 patent application changes were 1) in response to the examiner's comments, 2) ordinary improvements in claims for antecedent basis, term consistency, grammar and clarity, and 3) non-substantive changes in the specification. There was no prosecution that affected the scope of the patent claims, and all claim matter was disclosed and supported by the specification.

### 4. Assignment of the '454 Patent Application

Assignment of the '454 patent application to Patent Technology Inc. was a step following standard business practice. It was in no way an "attempt to hide the fact that Mr. Klicpera was not the attorney of record prosecuting the patent" as Defendant's attorney alleges. The assignment of a patent to a corporate entity is commonly completed prior to or soon after a

patent is issued. The logical decision to place this patent in the Patent Technology, Inc. entity, which was established in 2012, was a simple, legal business decision. It never occurred to Mr. Klicpera that this would or could be construed as a secretive ploy. In fact, Mr. Dorsney proves his own argument is empty since Defendant's counsel apparently quickly looked for and accessed the record of the '454 patent application assignment.

### C. Alleged Improper Designation of AEO by Mueller

Mr. Klicpera's brief view of the AEO materials to insert as exhibits to his expert witness report and claim chart last spring was inadvertent and only disclosed to the material originator, Mueller. None were disclosed to any others and there was no public disclosure. It is contested that there were no truly confidential or highly sensitive material in these AEO materials. Per *Global Material Techs., Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015), the AEO designation should "only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures." [1] As noted in Plaintiff Rein Tech, Inc.'s Response to Defendant Mueller Systems, LLC's Application for Attorney's Fees and Cost Incurred in Connection with its Motion for Sanctions and Proposed Order [D.I. 206], the subject AEO-marked materials concern topics already publicly disclosed, commonly known information, and established technology. Mr. Klicpera did not misappropriate any content from the Mueller documents. Plaintiff's intellectual property and use of technologies pre-dates Mueller's subject matter. The AEO documents were inadvertently received, unnoticed, and then provided as exhibits to documents only to Mueller

---

[1] *Global Material Techs., Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015) ("The AEO designation should "only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures.").

and for the purpose of further demonstrating Defendant's infringement of elements of the '837 Patent, which is the patent at issue in this case.

In accordance with paragraph 18 of the Protective Order [D.I. 32], Plaintiff requests Defendant Mueller to redesignate the AEO-designated material by withdrawing its AEO designation.

### D. Additional Current Issues Imposed by Mueller

Please refer to Appendix A: Wrongful Assertions of Anticipation by Defendant and Appendix B: Plaintiff's Right to Assert under the Doctrine of Equivalents Rule.

### E. Defendant's Requested Sanctions

Defendant's attorneys are seeking case-terminating sanctions, alleging Rein Tech repeatedly violated the Protective Order and is requesting award of fees and costs incurred since the August 1, 2025 Court Order. Defendant is making an incorrect assumption that Mr. Klicpera prosecuted the '454 patent application RCE and response, which was submitted to the USPTO on October 27, 2025. However, another party prosecuted this '454 patent application RCE and response. Therefore, Defendant's request to terminate this case and request for fees and costs should be rejected.

It its Motion, Defendant's attorney states that a defendant may move to dismiss the claims against it where "the plaintiff fails to comply with a court order." Yet this move to dismiss is based on Defendant's incorrect assumption that Mr. Klicpera failed to comply with the August 1 Court Order by prosecuting the '454 patent application RCE and response that was submitted to the USPTO on October 27, 2025. However, Mr. Klicpera did not fail to comply with the August 1 Court Order. Another party prosecuted this '454 patent application RCE and

6

response. Therefore, Defendant's request to move to dismiss the claims of infringement against it should be rejected.

<u>Defendant's Requested Sanction of Dismissal with Prejudice Should be Denied</u>

Defendant has requested immediate termination of the case without a jury hearing. It has additionally requested attorney fees and costs incurred after the August 1, 2025 Court Order for Sanctions. Defendant alleges "repeated violations" of the Protective Order, and concludes falsely that Rein Tech "affectively has no intention of complying with the patent prosecution bar." Defendant makes its request pursuant to F.R.C.P. 41(b).

    a.    The Court has stated on numerous occasions that dismissals with prejudice or defaults are "drastic" and "extreme" by the Supreme Court. *Poulis v. State Farm Fire and Cas. Co.* (3d Cir 1984). A dismissal sanction with Prejudice upends litigation and is a severe remedy especially when alternate remedies are available.

    b.    The totality of Factors Outlined in *Poulis* weigh against dismissing Rein Tech's Claims with Prejudice.

*Poulis v. State Farm* provides six factors that may help to distinguish whether a case should be dismissed under 41(b). *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); see also *Hildebrad v. Allegheny Cty.*, 923 F3d 128, 132 (3d Cir. 2019).

    **1.**    **The Extent of the Party's Personal Responsibility**

Mr. Klicpera has a history of carefully regarding confidential information and there has been occurrence of seeing any AEO designated material outside of this case of inadvertent receipt. Once he learned that a limited number of exhibits were marked as AEO, he complied with the Court Order and destroyed these documents. These documents were never given to any other individual or party other than the Defendant's attorneys and there was no public disclosure.

7

The '454 patent application is in the name of the inventor, Mr. Klicpera. The minutes of the August 1, 2025 Court Order did not delineate the bar from prosecution. Although signed by Mr. Klicpera, he did not prosecute the '454 patent application RCE and response that was submitted on October 27, 2025.

2. **Prejudice to the Adversary**

Plaintiff Rein Tech did not distract and delay throughout the case. It did not impede Defendant Mueller's ability to prepare a full and complete defense. *Ware v. Rodale Press Inc.* 322 F. 3d 218, 222 (3rd Cir 2003).

The changes per the '454 patent application RCE and response were non-substantive. There was no prosecution that affected the scope of the claims, and all claim matter was disclosed and supported by the specification. No damages have been alleged.

The Mueller-designated AEO material was in limited exhibits of one document. The Mueller-designated AEO material may not be considered highly sensitive material. Please refer to Section D. above and to Plaintiff Rein Tech, Inc.'s Response to Defendant Mueller Systems, LLC's Application for Attorneys' Fees and Cost Incurred in Connection with its Motion for Sanctions and Proposed Order [D.I. 206].

3. **A History of Dilatoriness**

Plaintiff Rein Tech does not have a history of being slowing to act throughout the case. Defendant Mueller impeded action when it refused to response to the second set of request for production of documents. The history shows serious attempts by Mueller to invalidate Rein Tech's patents and delay the case. As an example, Defendant forced three of Rein Tech patents to Inter Parties Review by PTAB.

Mr. Klicpera highly respects this Court and the rulings of the Court. The Mueller-designated AEO materials, which Mr. Klicpera inadvertently found and attached as exhibits in responses only to Defendant Mueller in late March 2025, were never seen by other individuals and only provided to Defendant's attorneys. Once Mr. Klicpera learned of the Mueller-designated AEO material and in accordance with the August 1, 2025 Court Order, he promptly destroyed each of these documents. He regrets having inadvertently received these in the first place and not noticing but entering these in exhibits. This was atypical and he regrets this activity.

4. **Whether the Attorney's Conduct was Willful or in Bad Faith**

The Defendant has not provided any important evidence of non-infringement and continues to allege technicalities against the Plaintiff and the '837 claim language. Consideration of willful or bad faith can be made regarding the Defendant's attorneys' incorrect statements and false assumptions.

As opposed to Mr. Dorsney's allegations, Mr. Klicpera has not repeatedly violated the Protective Order. Also Mr. Klicpera never gave confidential information to his wife or the Research Attorney. Further, Mr. Klicpera never even considered to hide actions by adding a "new address" to the '454 patent application. This assignment was a logical and ordinary business activity. In contradiction to Defendant Mueller's allegation, the '454 patent application assignment to a long-term existing business was not an attempt to hide willfully the fact that Mr. Klicpera is the inventor and attorney of record for this asset.

Mr. Klicpera never had conduct that was willful or in bad faith and never would intentionally. The AEO-related activity was not on purpose but, instead, was inadvertent and resolved. Mr. Klicpera was not previously informed of or aware of the Protective Order and had

9

not signed the associated form. The '837 Certificate of Corrections was created with no bad faith, and the Defendant and Court were repeatedly informed about this activity in advance.

### 5. Alternate Sanctions

Alternate sanctions to Dismissal with Prejudice include Dismissal without Prejudice, attorney fees, and agreement that Plaintiff will refrain from invoking a patent for a period. All are effective.

### 6. Meritoriousness of the Claims or Defense

Doubts should be resolved in favor of reaching a decision on the merits. See *Gross v. Stereo Component Systems Inc.* 700 F.2d 120, 122 (3rd Cir 1983). In the case at hand, a jury could find findings of infringement with or without an expert witness for the Plaintiff. "Generally, in determining whether a plaintiff's claim is meritorious, we [the Court] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim."

*Poulis*, 747 F.2d at 869-70. Thus, we deem "[a] claim, or defense ... meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Id. If the claims are based on at least some merit, in the light most favorable to the Plaintiff, the claims necessitate a trial on the issues.

See Fed.R.Civ.P. 56(c); *Moore v. City of Phila.*, 461 F.3d 331, 340 (3d Cir. 2006). A fortiori, these claims surpass the Rule 12(b)(6) motion to dismiss standard, and under the *Poulis* analysis, his claims are deemed to have merit. *Briscoe v. Klaus* 538 F. 3d, 252 Court of Appeals (3rd Circuit 2008).

Defendant Mueller contends that Plaintiff concedes that it is unable to establish infringement. But Plaintiff Rein Tech does not so concede.

10

F.       **Attorney Fees and Costs Should Not Be Awarded**

The award of Attorney Fees and Costs is a separate sanction apart from Dismissal. Double sanctions should be avoided. Attorney fees for preparation for trial beginning on August 1, 2025 are not appropriate as there is a legitimate case for infringement and the court has not determined that the case is dismissed.

Dismissal with Prejudice

After numerous, emphatic, false statements based on incorrect assumptions, Mueller's attorney concludes that "the balance of the *Poulis* factors support dismissing Rein Tech's claims with prejudice and allowing Mueller to recover its attorneys' fees and costs that have been wasted in preparing for trial." As shown herein, the Plaintiff did not repeatedly violate the Protective Order and did not fail to comply with a court order. The Plaintiff firmly rebuts Defendants claims and respectfully requests the Court to reject Defendant's motion to dismiss this case with prejudice.

For these reasons, Mueller's request for immediate dismissal of this case with prejudice and attorney fees and costs should be denied.

Respectfully submitted,

**JACK SHRUM, P.A.**
*/s/ "J" Jackson Shrum* (#4757)
CITIZENS BANK CENTER
919 N. Market Street, Suite 1410
Wilmington, DE 19801
Phone: 302-543-7551
Fax: 302-543-6386
Direct: 609-367-2430
E-mail: jshrum@jshrumlaw.com
*Attorney for Rein Tech, Inc.*

Appendix A

Wrongful Assertions of Anticipation by Defendant

Mueller's attorneys have proposed the "Saberi et al. patent" as prior art that anticipates the '837 patent. However, Saberi does not disclose:

- at least one of a CPU, microprocessor and microcontroller connected to an electrical circuity associated with a water meter or any combination thereof as disclosed throughout the '837 specification,
- a flow rate sensor as disclosed throughout the '837 specification, and
- one or more wireless communication technologies utilizes authentication and encryption technologies for pairing operations and to prevent unauthorized access to the water data or information as disclosed throughout the '837 specification.

Mueller's attorneys have also proposed that the U.S. Publication No. 2016-0163177 A1 ('177 publication) anticipates the '837 patent. However the '177 publication does not disclose:

- any observation of water patterns and monitoring and recording of water signatures for identifying water use devices, fixtures, and appliances, as disclosed throughout the '837 specification,
- a communication hub for extending the range of wireless communication technology, as disclosed throughout the '837 specification, and
- a communication hub, which is necessary to provide an access point (internet connection) for LoRa wireless communication technology as disclosed throughout the '837 specification.

Appendix B

Plaintiff's Right to Assert under the Doctrine of Equivalents Rule

    Plaintiff Rein Tech, Inc. drafted, with outside counsel, reasonable Motions to Amend Claims 42 and 45 of U.S. Patent No. 11,549,837 ("the '837 Patent") under the Doctrine of Equivalents (DOE) Rule 35 U.S.C. § 112, paragraph 6. The Plaintiff's Second Amended Complaint (D.I. 91) stated, "Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the '837 Patent in this Judicial District and throughout the United States, literally or under the DOE, by making, using (at least by testing), selling, offering for sale, or importing their Accused Products as shown in Exhibit 17." Also, the Plaintiff noticed in Plaintiff's Response in Opposition to Defendant's Motions for Summary Judgement and to Exclude Expert Testimony (D.I. 182, page 31), "If the Court does not grant Plaintiff's motion to serve its Supplemental Final Infringement Contentions, Plaintiff reserves the right to submit motions under the legal rule of the DOE.

    Rein Tech's Delaware Attorney, Mr. Shrum responsibly met and conferred with the Defendant Attorneys who, in turn, responded that they would file multiple sanctions on Rein Tech if filed its DOE motions. Mr. Shrum again mentioned the request, during the October 8, 2025 telephonic meeting, for Rein Tech to submit its DOE motions. These DOE motions do not include request for a partial summary judgement, and the claims under analyses are the original '837 claim language. Mueller attorneys appeared outraged that Plaintiff would assert its right to submit motions under DOE. Also, they continue to reject that Claim 45 of the '837 Patent is asserted in this case. Mueller's threats have caused a block in Plaintiff's ability to submit its reasonable DOE motions, and this constitutes prejudicial bias against the Plaintiff. In summary,

the analyses by DOE show that infringement by the accused products/processes is demonstrated under the DOE.