## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

REIN TECH, INC.,

       Plaintiff,

   v.

MUELLER SYSTEMS, LLC,

       Defendant.

No. 1:18-cv-01683-MN

## MICHAEL KLICPERA'S CERTIFICATION TO JUDGE MARYELLEN NOREIKA'S COURT FOR THE JANUARY 15, 2026 HEARING

Michael Klicpera of Plaintiff Rein Tech, Inc., being duly sworn, states:

1. My statements in this certification are consistent with my previous statements in my certification of August 29, 2025 (D.I. 198).

2. The alleged AEO material was not accessed until just prior to March 27, 2025, when I worked to update the '837 claim chart with certificate of correction claim language and quickly provided additional exhibits to demonstrate infringement by the Accused Products. At that time, I found an electronic folder that I believe was from a Dropbox set up by Rein Tech's previous Attorney. I had never looked at the folder before and thought it was the '837 claim chart with exhibits of the March 3, 2023, Second Amended Complaint. I did not look for or notice any AEO markings. I did not realize there were a few exhibits with AEO markings included from Rein Tech's previous attorney.

3. The alleged AEO materials were glanced over, but not reviewed, and entered as exhibits along with the other exhibits included with the '837 claim chart that was updated with the Certificate of Correction claim language. I was not aware that any of the exhibits were marked

1

AEO. This claim chart with exhibits was then solely given on March 27, 2025 to Rein Tech's Delaware attorney, who provided it to Defendant's Attorney by April 2, 2025. The exhibits were included to demonstrate infringement. The alleged AEO material was never used for any other purpose.

4.    The finding and inclusion of the alleged AEO material as exhibits to the updated claim chart was completely inadvertent on both the part of me and of Rein Tech's Delaware attorney.

5.    No other individual or party was given the AEO material, and it was never publicly disclosed by Rein Tech. It is not true that I gave or shared these materials with anyone other than Mueller. I did not.

6.    Directly after the Court hearing on July 10, 2025, I first learned that the alleged AEO material had been inadvertently found and exhibited. The attending Delaware attorney in attendance, Mr. Charlie Brown, informed me of this information after the hearing.

7.    I confirm that the AEO marked material was deleted, as per my certification on August 29, 2025, and there was no other AEO material. In deleting, I found the folder that contained the alleged AEO material and, at that point, ascertained that it must have come from the Dropbox in December of 2023.

8.    It is incorrect that I had access to Mueller discovery documentation provided to Rein Tech's previous attorney. The attorney never shared the "40,000 pages" that he characterized as irrelevant discovery from Mueller and never placed this discovery material in the Dropbox. He deleted the Dropbox account in December 2023 when his work with Rein Tech ended.

9.    The AEO material was never accessed, looked at, or known of or used in the prosecution of the '837 Certificate of Correction.

2

10.  The '454 Patent Application, including claims and specification, was originally filed on November 6, 2022. The '454 Patent claims and specification was well mature prior to the preparation of the '454 Response to Office Action filed on October 27, 2025. The primary prior art reference was the Klicpera WO 2020/154384 A1. No AEO material was ever involved in the prosecution of the '454 Patent.

11.  At the August 1, 2025 hearing in Delaware, I incurred pain from traveling from the west coast with an inflamed sore knee and was preoccupied with preparations for total knee replacement surgery. This surgery took place the following week in San Francisco, CA.

12.  At a meeting on December 15, 2025, the USPTO supervisory representative reviewed and reconfirmed that all corrections of the '837 Certificate of Correction meet the requirements and criteria of 35 U.S.C. § 255 and MPEP §§ 1481 and 1485.  There was no broadening of the scope of the claims and no new matter. No new claims were introduced by the Certificate of Correction.

13.  The USPTO supervisory representative reviewed the correction in the programming element in independent claim 42 of the '837 Patent from "regional or controlled analysis" to "analysis" and stated that this correction is not substantial nor significant, aligns with the '837 specification, and conforms with the example correction given in MPEP § 1485.

14.  The USPTO supervisory representative reconfirmed that certificate of correction was the appropriate process. All corrections in the '837 Certificate of Corrections met the criteria and statutory requirements of 35 U.S.C. § 255, MPEP §§ 1481 and 1485. Some of the corrections were due to USPTO printing and publishing errors. For example printing ".flow" instead of "flow" and "low" instead of "flow". The USPTO supervisory representative said that the Examiner did not follow through on his commitment to align the lists of wireless frequencies

and to add two limitations to the programming element in an Examiner's amendment.

15. Mueller's LoRaWAN® publication (RT009374) shows that water meter device data is transmitted regionally for analysis. "LoRaWAN is a Low Power Wide Area Network specification (LPWAN) designed to wirelessly connect battery operated devices to the internet in regional, national or global networks."

16. The Plaintiff has completed an evaluation which shows that the topics of the alleged AEO material are predated and published by early Klicpera patents concerning water meters.

17. In 2017, I sent Mr. Thomas Jacks, a director of Isle Utilities, a summary report on the Rein Tech Water Meter field test study. After reviewing the report, Mr. Jacks wrote that the Rein Tech Water Meter was "the Rolls Royce of water meters, very impressive technically".

18. I have not performed the role of a competitive decision-maker for Rein Tech. Neither I nor Rein Tech have marketed or sold a water meter anywhere locally, domestically, or internationally. Rein Tech's research and development, including field testing, was conducted without charging any participants for costs or services.

19. Defendant Mueller has not met the burden of proof with concrete facts to show how they were harmed by the inadvertent disclosure of the alleged AEO material. The Defendant has the burden of proving competitive harm due to disclosure, and the Defendant has not demonstrated such.

4

5

[SIGNATURE PAGE TO FOLLOW]

_____

Michael Klicpera

Dated: January 12, 2026

SWORN AND SUBSCRIBED before me this 12th day of January, 2026.

See attached
Jurat / Acknowledgment

JL 01/12/26

# CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State Of: California**
**County Of:** Contra Costa

**Subscribed and sworn to** *(or affirmed)* **before me on the** 12th **day of** Jan , 2026
**by** Michael Klicpera ,

**proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.**

J. LABRA
COMM. # 2540182
NOTARY PUBLIC • CALIFORNIA
SANTA CLARA COUNTY
MY COMMISSION EXPIRES
DEC. 27, 2029

**Signature: J.** Labra

**Title of Document:** Michael Klicpera's Certification
**Total Number of Pages:** 7
**Notary Commission Expiration Date: December 27, 2029**
**Notary Commission Number: 2540182**